Davis *v.* Davis.

EMILY P. DAVIS *vs.* EBER DAVIS.

*Judgment, conclusiveness of. Dower, how barred or released.*

The parties to an action cannot impeach the judgment rendered therein in any collateral proceeding, on the ground that it was obtained through their fraud or collusion.

Nor can they be permitted to deny the truth of any fact established by the record of such judgment.

Where, pending a libel for divorce, alimony was agreed upon by the parties who, by written articles of agreement, fixed upon a specific division of the personal property upon the farm they had occupied, it was *held* that this was not such a "pecuniary provision" under R. S., c. 103, §§ 8, 9, as to bar dower; nor can parol testimony be admitted to show that it was so intended by the parties.

Dower cannot be released by parol.

ON REPORT.

ACTION OF DOWER wherein the plaintiff claims dower in land owned by her former husband, the defendant, during their coverture, and now owned by him. She had obtained a divorce upon her libel at December term, 1869, of this court, upon allegations of infidelity and other improper conduct on his part. In this libel she claimed alimony, but during the pendency of the libel, which was entered at the September term, to wit, on the nineteenth day of November, 1869, articles of agreement were entered into between the parties for a division of the personal property on the farm occupied by them, the agreement to be in force and take effect after a divorce had been decreed. Thereupon an entry was made upon the docket that alimony had been agreed upon by the parties and paid to the libelant.

When the present cause came on for trial the defendant offered to prove that, prior to the filing of Mrs. Davis' libel, having for years lived unhappily, it was mutually agreed that a divorce should be procured upon her application, though each was equally in fault, and that no opposition should be offered, and that a fair division of the personal property was made, assigning to each their fair share,

and the husband gave the wife a note for $1,200, secured by mortgage of the land in which dower is claimed, which sum has been since paid and was more than one-third of all the defendant was then worth.

If any of the above testimony was admissible and would constitute a defence, this action was to stand for trial; otherwise the defendant was to be defaulted.

*D. D. Stewart,* for demandant.

Record is conclusive that the divorce was for the husband's fault and she is therefore entitled to dower. R. S., c. 60, § 7; *Slade* v. *Slade,* 58 Maine, 157; *Greene* v. *Greene,* 2 Gray, 362, 364.

If there were a verbal understanding that the division of property should be in full of all her claim upon this property, it would be void under the Statute of Frauds, *Giles* v. *Moore,* 4 Gray, 600; *Parker* v. *Barker,* 2 Met. 423, 431;

Dower cannot be released by parol. 1 Washburn on Real Prop. 201–204; Scribner on Dower, 266, 290.

Nor by the wife to the husband during coverture in any form. *Rowe* v. *Hamilton,* 3 Greenleaf, 63; *Vance* v. *Vance,* 21 Maine, 364; *Carson* v. *Murray,* 3 Paige Ch. 483; *Lothrop* v. *Foster,* 51 Maine. 367, 368; *French* v. *Peters,* 33 Maine, 410; *Manning* v. *Laboree,* 33 Maine, 343.

*John H. Webster,* for tenant.

As there were no pleadings evidence tending to maintain any issue is admissible. 1 Greenl. on Ev., § 528. We had a right to show that the former judgment did not affect the property here in dispute. 1 Greenl. on Ev., § 532; *Emery* v. *Fowler,* 39 Maine, 326.

The divorce was obtained by collusion, and the parties being *in pari delicto,* neither can reap any benefit from the judgment.

VIRGIN J. At the September term, 1869, this plaintiff, having been the wife of this defendant twenty years and borne him four children, entered a libel therein alleging, substantially, that for

Davis *v.* Davis.

several years prior thereto, the defendant was criminally intimate with another woman in the neighborhood, and had treated the libelant in such a cruel, brutal, and outrageous manner, both by word and deed, that her life had thereby become utterly wretched and miserable; that her only remedy was a divorce from the bonds of matrimony, which she prayed might be decreed to her together with a suitable sum by way of alimony or a specific sum in lieu thereof; and that the custody of her invalid minor son be decreed to her with a suitable allowance for his support.

The libel was continued until the following December term, when the parties appeared by their respective attorneys, "when," in the language of the record, "this libel was by consent of parties submitted to the court without the intervention of the jury, who, after a full hearing of all matters and things concerning the same, adjudged that the allegations in said libel were satisfactorily proved, and thereupon ordered and decreed that the bonds of matrimony heretofore existing between said Emily P. Davis and Eber Davis be dissolved, and that the custody of the said minor child be with the mother."

The record further discloses that "alimony was agreed upon by the parties and paid to the libelant."

In defence of this suit, the defendant offers to prove various facts; and, by the terms of the report, if any of the proof offered is admissible and would be a defence the action is to stand for trial, otherwise, the defendant to be defaulted.

We think it is all inadmissible.

The last "point" made by the defendant is, as expressed by his counsel, that "the proof offered shows as clear a case of collusion as can well be imagined. . . By the collusion of the parties, the court was imposed upon and induced to decree a divorce in violation of R. S., c. 60, § 18!" But this surprising defence cannot prevail. For, however dark a cloud such an unblushing assertion of his own active participation in an alleged fraud may cast upon the defendant's own character, the impeachment is purely personal, while the absolute verity of the judgment thus im-

pugned remains unscathed.   The parties to an action cannot im-
peach the judgment rendered therein, in any collateral proceeding,
on the ground that it was obtained through their fraud or collusion.
It is their business to see that it is not so obtained.   Even if, with-
out any fault or neglect of one party, his adversary suqceed by
fraud in obtaining an unjust or unauthorized judgment, he must
through some prescribed mode reverse or annul the judgment be-
fore he can claim to treat it as invalid.    *Granger* v. *Clarke*, 22
Maine, 128 ; Freeman on Judgments, § 334, and cases cited.

All the offered testimony which conflicts with the allegations in
the libel is clearly inadmissible.   For these allegations having been
judicially tried and determined to be satisfactorily proved, by a
court having jurisdiction of the subject and of the parties, so long
as that judgment remains unreversed, it is conclusive upon the
parties in any proceeding before any judicial tribunal.   *Slade* v.
*Slade*, 58 Maine, 157; *Walker* v. *Chase*, 53 Maine, 258; *Sturte-
vant* v. *Randall*, 53 Maine, 149 ; *Pratt* v. *Dow*, 56 Maine, 81 ;
*Greene* v. *Greene*, 2 Gray, 361.   It would seem that no principle
of law has been more frequently asserted than the foregoing.

It conclusively appearing by the judgment that a divorce was
decreed to this plaintiff for the fault of this defendant, for a cause
other than that of impotence, she is entitled to dower in his real
estate to be recovered and assigned to her as if he was dead (R.
S., c. 60, § 7 ; *Stilphen* v. *Houdlette*, 60 Maine, 452) ; unless she
has been barred of it by some " pecuniary provision " made for her
benefit after marriage and in lieu of dower, R. S., c. 103, §§ 8, 9.

Was the written contract entered into by the parties, on Nov.
15, 1869, such a pecuniary provision as is contemplated by the
statute ?

The instrument declares itself to be " articles of agreement "
between the parties, an agreement " upon the following division of
the personal property now on the farm in Pittsfield occupied by
them."   It contains a detailed enumeration of all the personal es-
tate upon the farm, with a statement of the ownership of each.
The only other stipulation therein relating to property or interest

Davis *v.* Davis.

in property, is that the plaintiff is to have " also the note of said Eber Davis for $46.48, given by him to his son, Horace G. Davis. Said Eber is also to pay her $1,800, which he owes said boy, on Jan. 1, 1870." The consideration of this money transaction would seem to be the stipulation, on the part of the plaintiff, contained in the paragraph next the last, in the agreement " to support said Horace G. Davis till twenty-one years old, and to protect said Eber Davis from all liabilities of every sort on account of said Horace," etc.

There is not the remotest allusion, directly or indirectly, to dower or any interest whatever in real estate in the instrument. In the language of Kent, J. in *Bubier* v. *Roberts*, 49 Maine, 469, " nothing is found in it, from which can be inferred that it was intended as a jointure or pecuniary provision in lieu of dower ; " but on the contrary the money portion is expressly declared to be intended for another and different purpose, while the division of the personal property was evidently understood by the parties, judging from the docket entries, and by the court judging from them and the language of the judgment, as something in lieu of alimony. We do not think it can be considered a " pecuniary provision " as contemplated by the parties. *Bubier* v. *Roberts, sup. ;* and cases there cited.

The offer to prove that at the same time $1,200 were given in notes subsequently paid, was intended by the parties to be a full discharge of all claims upon the defendant or his property, is inadmissible as being in conflict with the agreement made in writing. And we know of no rule of law by which even an inchoate right of dower can be released or barred by parol. 1 Wash. on Real Prop. 201.

*Defendant defaulted.*

APPLETON, C. J. ; CUTTING, DICKERSON, DANFORTH, and PETERS, JJ., concurred.