## CORA JANE SPRINGER *v.* HENRY M. P. ROSE AND DOLORES E. ROSE.

### No. 1946.

SUBMITTED APRIL 21, 1930.                    DECIDED MAY 8, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of ejectment. The plaintiff set forth in detail in her declaration that her claim of title was based upon a sheriff's sale and deed under an execution issued upon a judgment rendered in an action of assumpsit wherein the present plaintiff and her husband were plaintiffs and the present defendants were defendants. The defendants filed an answer of general denial and demanded trial by jury. Subsequently the parties, appearing before the circuit court, entered into a stipulation that the defendants would make an offer of proof by way of defense, that if the evidence so offered was deemed admissible by the trial judge the trial would be had before a jury and that if the evidence was excluded the trial would proceed before the court without a jury. The offer was made in the following language: "We intend to prove that the judgment in this case of Springer vs. Rose, assumpsit suit, was fraudulently obtained, in that material

witnesses to the cause were withheld and that material evidence of the real transaction was deliberately withheld and not presented to the court, and for that reason the judgment was void on account of fraud. We contend also that in ejectment, the judgment being void, it is not *res judicata* between the parties." It was expressly stated, in answer to a question by the court, that there was no other attack upon the regularity of the proceedings in the action of assumpsit. The trial judge ruled the evidence inadmissible, further proceedings were had and judgment was rendered for the plaintiff.

It is not denied that in the assumpsit suit the court had jurisdiction of the subject matter and of the parties and that the defendants had notice and an opportunity to be heard. In the bill of exceptions and in the certified copy of the clerk's minutes of the proceedings had in the lower court the statement is that "material witnesses" and "material evidence" were withheld, without saying by whom. The circuit judge in his decision says that the withholding was by the defendants' attorney. In their briefs in this court both the plaintiff and the defendants argued upon the assumption that the withholding was by the plaintiffs.

Irrespective of whether the material witnesses and evidence were withheld by the plaintiffs or by the defendants' attorney, the judgment in the earlier action cannot be set aside or disregarded in a collateral attack such as this is. There may be circumstances under which an earlier judgment can be collaterally attacked on the ground of fraud; but when, as in the case at bar, the court had jurisdiction of the subject matter and of the parties, summons having been duly served upon the defendants and notice thereby given them of the pendency of the proceedings, and the defendants have had an opportunity to be heard, the earlier judgment cannot be col-

laterally attacked upon evidence outside of the record. The defendants being duly notified and in court defending, if the plaintiffs withheld material evidence the defendants had an opportunity to introduce it themselves; and if their own attorney withheld the evidence, their remedy was to give him suitable directions, or to discharge him and employ another attorney, or subsequently, by motion for a new trial or by an appeal or other appropriate proceeding, to make a direct attack upon the judgment on the ground of the fraud.

"It is a general rule at common law that a judgment of a court having jurisdiction over the subject matter and the parties cannot be questioned collaterally for fraud *aliunde* the record by the parties or their privies. After a party has been duly served with process it is his duty to see that the judgment is not fraudulently obtained against him, and if it is he must take some proper proceedings to have it annulled. This rule is a branch of the doctrine of *res judicata* and is founded upon the broad principle that the good order and peace of society require that there should be an end to litigation." 17 A. & E. Enc. L. 848. To the same effect, recognizing the exceptions, is 34 C. J. 565, 566.

"No fraud is alleged that deprived the appellants of ample notice of the existence of that suit and of the time of its trial. A direct suit may undoubtedly be maintained, in a proper case, to set aside and annul a judgment of any court, and all proceedings under such judgment, for fraud in procuring them * * * but until such a suit is brought, and until a decree of avoidance is rendered, the judgment of a state court which had jurisdiction of the subject matter and of the parties is conclusive upon the merits of the controversies determined by that judgment between the parties and their privies, in every court in the United States, and cannot be collaterally impeached

for fraud." *Peninsular Iron Co.* v. *Eells,* 68 Fed. 24, 35. To the same effect are *Board of Commissioners* v. *Platt,* 79 Fed. 567, 573; *Hodgdon* v. *S. P. R. R. Co.,* 75 Cal. 642; *Blanchard* v. *Webster,* 62 N. H. 467, 468; and *Cody* v. *Cody,* 98 Wis. 445, 452.

"The parties to an action cannot impeach the judgment rendered therein, in any collateral proceeding, on the ground that it was obtained through their fraud or collusion. It is their business to see that it is not so obtained. Even if, without any fault or neglect of one party, his adversary succeed by fraud in obtaining an unjust or unauthorized judgment, he must, through some prescribed mode, reverse or annul the judgment before he can claim to treat it as invalid." *Davis* v. *Davis,* 61 Me. 395, 398.

The exceptions are overruled.

*Smith, Wild & Hoppe* and *D. G. Ridley* for plaintiff.

*C. B. Dwight* for defendants.