Fitts v. Fitts.

## O. H. FITTS v. NANCY FITTS.

The judgment of a Probate Court, appointing a guardian for minor children, is conclusive of the right of such guardian to their custody, until reversed or annulled by a direct proceeding for that purpose.

It is not competent for the District Court to revise and reverse such judgment of the Probate Court, in a collateral proceeding, by *habeas corpus.*

Appeal from Panola. Tried below before Hon. W. W. Morris.

This was an application on the part of appellee to the District Court for a writ of *habeas corpus* to have produced the bodies of her minor children who were in the custody of the appellant, their father, who had been the husband of appellee, from whom she had been divorced. The appellant answered that he was the father of said minors, and that he had been regularly appointed guardian by the Probate Court of Panola county, and made profert of his letters of guardianship.

On the hearing, exceptions were taken by both parties, on the one hand to the petition, and on the other to the answer. The Court seems not to have noticed these exceptions, but proceeded to hear evidence to ascertain and determine the fitness of the parties to have charge of the minors, and made a decree appointing her guardian and awarding to her their custody. This decree is assigned as error by the appellant.

*Martin Casey,* for appellant. By our Statute the father is, during his life, entitled to the custody and guardianship of his children, and the mother has no preference until after his death. (Hart. Dig. Art. 1532.) The judgment of the County Court of Panola county, appointing appellant guardian of those

children, and that judgment, evidenced by the letters of guardianship, is conclusive upon the appellee, and all the world, until set aside by some process, having that object directly in view, and his appointment by the County Court is admitted by the exceptions of appellee, and not denied by the pleadings.

It is admitted that the District Court has original jurisdiction over guardians to restrain their acts, which would be in fraud of the rights of the minors, (there is no allegation or proof of fraud,) yet it will be carrying the original jurisdiction of the District Court too far to turn it into a Probate Court to appoint guardians and dismiss others without requiring either bond or affidavit.

WHEELER, J. The judgment of the Probate Court, appointing the appellant guardian of his children, was conclusive of his right to their custody until reversed or annulled by a direct proceeding for that purpose. A *habeas corpus* is not such a proceeding. That is not the mode provided by law for revising the judgments of the Probate Court. Had there been an appeal prosecuted from the judgment of the Probate Court, upon a proper application showing a necessity for the interposition of the Court, it might have been competent for the Court to make such temporary order, respecting the custody of the infants, as was necessary for their protection. But such a case is not presented ; nor does it appear that there was any necessity for the Court to interpose its authority for such a purpose. It was not competent for the Court to revise and reverse the judgment, of the Probate Court, in a collateral proceeding, by *habeas corpus*. The judgment must be reversed and the case be dismissed.

Reversed and dismissed.