[No. 3,483.]

IN THE MATTER OF THE GUARDIANSHIP OF ELIZA FEGAN.

GUARDIAN FOR INSANE PERSON.—The power of the Probate Court to appoint a guardian for an insane person is not defeated by the fact that such insane person is a married person.

IDEM—HUSBAND AND WIFE.—When an insane person is a wife there is no rule of law which prefers the husband as such guardian, if he be unfit to discharge the duties of guardian.

APPEAL from the Probate Court of the City and County of San Francisco.

J. B. Fegan and Eliza Fegan were husband and wife. In 1871, the wife being insane, Thomas T. Yeager was appointed guardian for her person and estate. Subsequently

the husband filed a petition for the revocation of the letters of guardianship. After a hearing the Court denied the petition, and the husband appealed.

*Marye, Jr.,* for Appellant, argued that, by the common law, the husband is the guardian of the person and estate of his wife, and that there is no statute in this State abrogating that rule, and cited 2 Bouvier's Inst. 524; 3 C. E. Green, 207; 2 Kent Com. 181; 2 Stephens Com. 277; *In Re Cochrane,* 8 Dowl. 635; *Mahone* v. *Grimshaw,* 20 Cal. 175.

*Drake,* for Respondent, argued that as a wife is a person, the language of the statute which authorizes the appointment of a guardian for " any insane or incompetent person," authorizes the appointment of a guardian for a wife who may become insane, if it appears to the Court that the husband is an unfit person to exercise guardianship over her. (Belknap's Probate Practice, Sec. 347.)

By the COURT:

The validity of the order appealed from must be determined altogether by reference to the statute. The power of the Probate Court to appoint a guardian for an insane person under the statute is not defeated or taken away by the fact that such insane person is a married person. And in case the insane person be the wife, there is no rule of law which prefers the husband as such guardian, or forbids the Court to appoint another person to be the guardian, if, in its opinion, the husband is not a fit person to discharge the duties of the guardianship.

Order affirmed.