[No. 4,081.]

## HAMILTON BREEZE *v.* C. R. AYRES AND WILLIAM TWEED.

REVIEW OF JUDGMENT OF COUNTY COURT.—If an appeal is taken to the County Court from a judgment of a Justice, and the County Court has jurisdiction of the person and subject-matter, and renders judgment against the appellant, and an action is afterwards brought in the District Court against the sureties on the appeal bond, the District Court, in such action, cannot inquire whether the judgment in the County Court was erroneous.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

The plaintiff, in 1871, recovered a judgment before a Justice of the Peace in San Diego County, against Ramon Monreal and Ramon Rues, upon a promissory note. Monreal and Rues appealed to the County Court, and the defendants here became sureties on the undertaking on appeal. The action was tried before a jury in the County Court, and the jury returned the following verdict: "We, the undersigned jurors, summoned in the case of *Breeze* .v. *Monreal*, do find a verdict in favor of the plaintiff."

Thereupon, the County Judge computed the amount due on the note, and rendered a judgment in favor of the plaintiff for $143 40 principal, and $12 38 interest, and $576 95 costs. The defendants appeared before the Justice and in the County Court, and the case was contested. The

plaintiff brought this action in the District Court against the sureties on the appeal undertaking.

On the trial of this case in the District Court, the defendants objected to the reception of the judgment of the County Court in evidence for the following among other reasons:

"The paper, if a judgment of any civil tribunal, shows upon its face that it is irregular, informal and without authority of law, in this: It recites a verdict of a jury rendered in an action at law, for the recovery of money, but which verdict states no amount in money whatever to which plaintiff is entitled, and there is no explanation why the judgment should specify the amount mentioned therein, or any other amount, and is not in conformity to what purports to be a verdict."

The Court overruled the objection. The other objections urged against the reception of the judgment in evidence were for alleged errors of the County Court.

The plaintiff recovered judgment and the defendants appealed.

*W. Jeff. Gatewood,* for the Appellants.

The Practice Act, Sec. 176, reads: "When a verdict is found for the plaintiff, in an action for the recovery of money, * * * * the jury shall also find the amount of the recovery."

Section 178 provides for receiving and entry of verdict.

Sec. 197 provides the only means by which any judgment, after a trial by jury has been had, can be entered in the County Court, in the following language:

"When trial by jury has been had judgment shall be entered by the Clerk, in conformity to the verdict."    * *

The verdict shows that the jury failed to find the amount of the recovery.

This is the evidence of the plaintiff: The verdict is so defective that it cannot serve as a basis for a judgment;

A judgment in conformity to it would be "for the plaintiff."

*Louis Branson,* for the Respondent.

The jurisdictional facts being admitted, all that was necessary on the trial was to prove a judgment of the County Court.  How that Court arrived at that judgment, this Court will not inquire.  The County Court is a Court of Record.  Within the jurisdiction conferred upon it by the Constitution it is a Court of general jurisdiction, and as such, it will be presumed that it had the necessary evidence to enable it to render the judgment in question.  (*In the matter of Martin Conner*, 39 Cal. 98.)

By the COURT:

The judgment of the County Court was regular.  That Court had jurisdiction of the persons of the parties and of the subject-matter of the action, and we cannot inquire whether the judgment was erroneous.

Judgment and order affirmed.