EXENDINE, *Appellant*, v. MORRIS.

**Statutory Sale**: COLLATERAL ATTACK: DEED. A special statute authorized a guardian to sell certain lands of his wards and invest the proceeds—the sale to be approved by the county court. Some of the proceedings of the guardian were informal and irregular, but the county court approved the sale. *Held*, that its action could not be attacked collaterally. *Held*, further, that the statute prescribing no form of deed to be given to the purchaser, a conveyance was valid, though it was not in the form required by the general law.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Norton, Martin & Dryden* for appellant.

Where land is conveyed under a special authority, that authority must be strictly pursued. *Denning v. Smith*, 3 Johns. Ch. 344; *Young v. Keogh*, 11 Ill. 642; *Langdon v. Poor*, 20 Vt. 15; *Thatcher v. Powell*, 6 Wheat. 127; *Head v. Providence Ins. Co.*, 2 Cranch 127; *Robert v. Casey*, 25 Mo. 584; *Strouse v. Drennan*, 41 Mo. 298. In *Dudley v. Mayhew*, 3 N. Y. 9, and *Almy v. Harris*, 5 Johns. 175, it is decided that "where a statute which creates a right gives no remedy, a party may resort to the usual remedy." By a parity of reasoning, where a statute which prescribes a duty fails to prescribe the method of the execution of the

duty, the duty must be executed in the usual manner; *i. e.*, under the rules laid down in the general law for the performance of such duty. For instance, when the special act requires the guardian to execute a deed, and fails to specify what method of execution he shall follow, he of course must make his deed conform to the requirements of the general law.

*Dyer, Lee & Ellis* for respondent.

The act of the legislature did not prescribe the form of the deed. The proceedings of the county court cannot be collaterally attacked. *McVey v. McVey*, 51 Mo. 406; *Pattee v. Thomas*, 58 Mo. 163; *Overton v. Johnson*, 17 Mo. 442; *Higgins v. Peltzer*, 49 Mo. 152; *Rugle v. Webster*, 55 Mo. 246; *Carr v. Spannagel*, 4 Mo. App. 284.

HOUGH, C. J.—This is an action of ejectment, brought in March, 1877, for certain land in Lincoln county. The plaintiffs claim title by virtue of a deed made on the 10th day of January, 1848, by Charles Bennett, conveying said land to his daughter, Sarah E. Bennett, during her natural life, remainder in fee to her two daughters, Mary R. Bennett and Eleanor Bennett. Mary R. Bennett intermarried with the plaintiff James Exendine in 1863, and Eleanor Bennett intermarried with the plaintiff James Riffle in 1866. Sarah E. Bennett died December 10th, 1867.

The defendant claims title under a deed made May 5th, 1860, by E. J. H. Bennett, guardian and curator of Eleanor and Mary R. Bennett, to Jonah Morris under and by virtue of an act of the general assembly of the State of Missouri, approved January 4th, 1860, authorizing him to sell said land for three-fourths of its appraised value, subject to the approval of the county court of Lincoln county, and to re-invest the proceeds in lands in Hickory county, subject to the approval of the county court of Hickory county. Jonah Morris conveyed to the defendant.

27–76

The plaintiffs contend that the proceedings had by the guardian, E. J. H. Bennett, under the act of 1860, are void for want of conformity to the requirements of the act, and that his deed, therefore, conveyed no title to Jonah Morris. It is objected that no bond was given by the guardian, the instrument intended as such having no seal; that the Hickory county records show that Bennett was appointed guardian for Mary and *Ellen* Bennett, and not for *Eleanor* Bennett; that the land was appraised by three *householders,* and not by three *freeholders;* that the report of sale to the Lincoln county court was made not by Bennett, guardian and curator, but by "Bennett, curator, etc., per Geo. W. Zimmerman;" that the report of sale was approved by the Lincoln county court, and not the sale itself; that it does not appear in the deed from Bennett to Morris, that the land was appraised, or that the curator reported the sale to the county court, or that the sale was approved by the court; that the deed was acknowledged in open court in Hickory county; and that oral testimony was improperly admitted to show that the appraisers were freeholders.

All of these objections, save the one that the deed does not contain the necessary recitals, were considered by the court of appeals, and are satisfactorily disposed of in the opinion of that court, and it is unnecessary for us to re-state the reasons there given.

Many of the proceedings under the act of the legislature are informal and irregular, but the Lincoln county court manifestly had jurisdiction, and its action in the premises is not of such a character as to render it subject to collateral attack.

In regard to the objection that essential recitals are wanting in the deed, it is sufficient to say, that no form of deed is prescribed by the act of 1860, nor are any particular recitals required to be stated therein. The deed refers to the act under which it was made, and the facts necessary to authorize its execution are shown *aliunde.* Not being founded upon a sale made under the general law, but

upon a special act containing no requirements as to its contents, and being good as a conveyance, we hold it to be sufficient.

The plea of the statute of limitations, was not noticed by the court of appeals, and we think it unnecessary to discuss it. The judgment will be affirmed. All concur.