[No. 11265.    In Bank. — April 27, 1888.]

ALEXANDER LEWIS HODGDON, RESPONDENT, *v.* SOUTHERN PACIFIC RAILROAD COMPANY ET AL., APPELLANTS.

GUARDIAN AND WARD — FRAUD IN APPOINTMENT — COLLATERAL ATTACK ON JUDGMENT. — A judgment of the probate court appointing a guardian of the. person and estate of a minor, which is regular on its face, and rendered by a court having jurisdiction of the matter, cannot be collaterally attacked on the ground of fraud, collusion, or other matter *aliunde.*

ID. — LANDS OF MINOR NECESSARY FOR RAILROAD — GUARDIAN MAY SELL — APPROVAL BY PROBATE JUDGE — GENERAL RAILROAD ACT OF 1861. — Section 23 of the general railroad act of May 20, 1861, as amended April 27, 1863, providing in effect that if it should be necessary for the purposes of a railroad company to acquire real estate owned by a minor, the guardian of the minor might sell the same to it, and his conveyance would be valid upon being approved by the probate judge, is constitutional.

ID. — FORM OF APPROVAL BY JUDGE. — A certificate of the probate judge.to the deed of the guardian which recites that he, as judge, has examined the deed and the sale of the land described therein, that the land is necessary for the purposes of the railroad company, that the consideration paid is fair and equivalent for the land, and that the sale is just and proper, and which thereupon approves and confirms the sale and deed, is a sufficient approval within the requirements of section 23 of the general railroad act of 1861.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellants.

*E. W. McGraw, D. W. Douthitt,* and *Edward J. Pringle,* for Respondent.

McFARLAND, J. — Judgment in the lower court went for plaintiff, and from the judgment and an order denying a new trial defendants appeal.

Plaintiff avers in the complaint (substantially), and the court finds, that in April, 1862, James H. Hodgdon

died seised as owner in fee of certain land in the city and county of San Francisco, described in the complaint; that plaintiff was born in lawful wedlock on June 23, 1860, and was and is the sole child of said James H. Hodgdon, deceased; that said James H. Hodgdon on October 12, 1850, made and published his last will, by which he devised and bequeathed all his property, including said land, to his wife, Sarah A. Hodgdon (mother of plaintiff); that in said will plaintiff was neither provided for, nor in any manner mentioned; that said Hodgdon, deceased, never at any time, nor in any manner, provided for plaintiff by any settlement; and that it in no way appears that such omission to provide for plaintiff in said will or otherwise was intentional. It is then further averred that plaintiff is the owner in fee of the undivided one half of said land, because he succeeded to the same as the sole child of said Hodgdon, deceased; that defendants claim an interest in said land adverse to plaintiff, and are in the actual and exclusive possession of the same; and that defendants have not any estate, right or interest in or to plaintiff's undivided one-half interest therein. The prayer is, that defendants be required to set forth the nature of their claims; that it be adjudged that they have no interest or estate in said undivided one half; that plaintiff's title thereto is good and valid, and that he recover possession thereof.

The court also found that administration of the estate of said James H. Hodgdon is still pending in the superior court of the city and county of San Francisco, no decree of distribution having yet been made therein, and, so far as it appears, no adjudication of the rightful heirship of plaintiff having yet been made in said superior court sitting as a probate court.

Counsel for defendants, by objections to evidence, by a motion for nonsuit, and by other appropriate objections and motions, made—and urge here—several points which, under our views of the case, it will not be

necessary for us to determine. It may not be out of the way, however, to notice one of these points; because, if well taken, it may be of great importance in other cases. There is no doubt that under our present law, a recognized and undoubted heir may generally maintain an action concerning real property, although the administration of the estate be still in progress. But it is contended that in the case of a will and a pretermitted heir, it is the peculiar and sole province of the probate court to construe the will; to determine if there was an intentional omission of the contesting heir; if there was any provision for, or advancement to, the after-born child; whether the share to be assigned to the pretermitted heir shall be taken from that part of the estate (if any) not disposed of by the will; what are the debts of the estate, and what, if any, property must be sold to pay them, and the expense of the administration; what amount, if any, must be taken from all of the devisees and legatees in order to make up the proportionate share of the omitted heir, etc.; and that all these matters can be ascertained only by the probate court administering the estate of the deceased. It will be noticed that the statutes in force at the death of plaintiff's decedent provided that, in the case of a pretermitted child, the necessary facts being shown, "the share of such child shall be *assigned* as provided by law." (Hittell's General Laws, secs. 7341 et seq.) Assigned by whom? Can another court, in an independent action of ejectment, or to quiet title, try all these questions, and by its findings and judgment "assign" to the pretermitted child the particular part of the estate which he claims in his complaint, while these matters are still undetermined in the probate court, where the estate is being administered? Will such a judgment bind the probate court, when it comes to construe the will, to assign the share, and to distribute the estate? We allude to these questions because they are interesting and important; but, as before

remarked, we do not deem it necessary here to definitely determine them.

The main defendant in this case is the Southern Pacific Railroad Company,—a railroad corporation. Section 23 of the general railroad act of this state, approved May 20, 1861, and slightly amended April 27, 1863 (Stats. 1861, 607; Stats. 1863, 613), is as follows:—

"Sec. 23. If it shall become necessary, for any of the purposes aforesaid, for such company to acquire any real estate, or any right, title, or interest therein, which is the property of any infant, idiot, or insane person, the guardian, executor, or administrator, as the case may be, may sell and convey the same to said company, but neither such sale nor conveyance shall be valid, for any purpose, until the same shall have been approved by the judge of the proper probate court; and said judge is hereby authorized to examine such deeds and conveyances, and if he shall deem the same just and proper he shall approve the same, and thereupon such conveyances shall have the same force and effect, for the purposes in this section mentioned, as if the same had been executed by persons competent to convey lands in their own names. Such company may acquire any real estate, or any right, title, interest, estate, or claim therein or thereto, necessary for the purposes of said company, as hereinbefore provided, by means of the special proceedings prescribed in this act."

For the purpose of showing that under this provision of the law the said railroad company, defendant here, had acquired the title of plaintiff to the property in suit, the defendants, after plaintiff had closed his case in chief, and motion for nonsuit had been denied, proved by the proper record evidence that, in January, 1872, Joseph S. Paxson was duly appointed guardian of the person and estate of Alexander Lewis Hodgdon, a minor (plaintiff herein), by the probate court of the city and county of San Francisco, California; that letters of

guardianship were issued to said Paxson from said court, and that he qualified and filed his bond as required. The judgment of the court appointing said Paxson guardian was regular on its face, and the court had full jurisdiction to render it. Defendants then introduced a deed from said Alexander Lewis Hodgdon, (plaintiff herein), by his said guardian, Joseph S. Paxson, executed immediately after his appointment as guardian, by which, for the consideration of ten thousand two hundred dollars, the property sued for in this action was conveyed to the Southern Pacific Railroad Company, defendant herein, and proved that said ten thousand two hundred dollars was paid at the time by said defendant to said guardian, Paxson. The deed was accompanied by the following certificate of the judge of said probate court:—

"This is to certify that I, Milton H. Myrick, judge of the probate court in and for the city and county of San Francisco and state of California, have examined the within deed, and the sale therein made of the lands described, and I do find that the said land is necessary for the purposes of said railroad company; that the consideration paid is fair and equivalent for said land, and that said sale is just and proper, and as such probate judge I do hereby approve the said sale and deed, and confirm the same in as full and ample manner and form as I may or could do under the law of the said state of California in relation to the premises.

"M. H. MYRICK,

"Probate Judge of the City and County of San Francisco, Cal."

The deed was duly acknowledged by Paxson as guardian, and was recorded January 27, 1872.

After close of defendant's evidence the court allowed the plaintiff, in rebuttal, against the objections and exceptions of defendants properly made and taken, to introduce evidence tending to prove that the said judg-

ment of said probate court appointing said Paxson guardian as aforesaid was procured by fraud, collusion, etc., and upon said evidence the court found certain facts which it held to be fraudulent, and to vitiate and render invalid the said proceedings in the said probate court.

The evidence and findings on this point were, mainly, that Paxson's statements in the petition to be appointed guardian that he was a friend of and was befriending the minor, and that he made the application at the request of his mother and step-father, were not true; that he did not account to plaintiff for the money which he received for the deed; that he procured himself to be appointed at the request of agents of said railroad company; that the acts of the agents of the railroad company in inducing him to be appointed operated as a fraud on plaintiff; that the probate court did not have proof of the value of the land, or its necessity for railroad purposes; that there was collusion between Paxson and the agents of the railroad company, and that for these and other similar reasons, "the said petition and application for guardianship, and the proceedings connected therewith, were fraudulent from their inception, and that by reason of said fraud the said probate court did not acquire jurisdiction to appoint a guardian of the estate of said minor"; and "that Joseph S. Paxson never was the legal guardian of said minor, and that the deed aforesaid was absolutely void."

(In respect to this matter, it may be fair to parties to remark that there appears in the evidence a written agreement made in 1871, between the mother and step-father of plaintiff, and one Howard, an agent of the railroad company, defendant, in which, after a recitation that the mother had conveyed to said Howard all her title to certain land in San Francisco, and that it was claimed that the plaintiff herein, then a minor, was seised of the residue of the title to said land, it was agreed by the said mother and step-father, that the value of the

interest of said plaintiff should be determined by two persons therein named, and that their valuation should be final and conclusive, and that certain proceedings should then be taken to convey the said interest of said plaintiff to said Howard, upon his payment of the sum fixed by said two persons, and that said persons did fix said valuation at ten thousand two hundred dollars, the sum afterwards paid by said defendant to said guardian of plaintiff.)

Whether or not the said evidence objected to, and the said findings of the court below, would constitute a sufficient ground for relief in an action brought directly for the purpose of setting aside the judgment of the probate court,—with proper averments in the complaint and proper parties before the court,—is a question not necessary to be here examined. For it is well settled that a judgment, regular on its face, and rendered by a court having full jurisdiction to render it, cannot be attacked collaterally on the ground of fraud, collusion, or other matter *aliunde.* The opposite rule would subject to the uncertain and insecure test of parol evidence those things to which the law attaches the utmost conclusiveness and stability,—judgments and judicial records. (*Joyce* v. *McAvoy,* 31 Cal. 274; 89 Am. Dec. 172; *Breeze* v. *Ayres,* 49 Cal. 208; *Carpentier* v. *City of Oakland,* 30 Cal. 439; *Robb* v. *Robb,* 6 Cal. 21; *Marshall* v. *Shafter,* 32 Cal. 177; *Chase* v. *Christianson,* 41 Cal. 253; and authorities other than those of this state to the point are numerous.)

And the appointment of a guardian by a probate court is a judgment to which the rule applies. (*Warner* v. *Wilson,* 4 Cal. 313; *Guardianship of Fegan,* 45 Cal. 176; *Henson* v. *Dater,* 120 U. S. 477; *Fitts* v. *Fitts,* 21 Tex. 511.)

The rule applies to infants as well as to adults. (*Joyce* v. *McAvoy, supra.*)

The admission of the evidence above mentioned was therefore erroneous, and the said findings of what the court held to be fraud, and upon which the judgment was based, were immaterial and insufficient to warrant

the court in practically vacating the judgment of the probate court upon a collateral attack. Upon such a principle any judgment could be disregarded upon a showing that the court which rendered it committed an error either of law or fact.

We think that the deed from Paxson to the said defendant, and its approval and confirmation by the probate judge, was a sufficient compliance with the statutory provision under which it was executed. That provision is distinct from the provision of another statute by which a guardian, in a certain prescribed way, may sell property of his ward for his maintenance or education. The law under which this sale was made contemplated an entirely different purpose, namely, the furtherance of a public use. No particular form of conveyance or procedure was prescribed. The only limitation upon the sale is, that it shall be approved and confirmed by the probate judge. The deed was in proper form to convey the estate, and the probate judge found that it was a case within the statute, and approved the sale. This we think was sufficient. (*Exendine* v. *Morris,* 76 Mo. 416.) And we have no doubt of the constitutionality of the statute.

For the reasons given, the judgment and order are reversed, and the cause remanded.

SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., THORNTON, J., and McKINSTRY, J., concurred.

Rehearing denied.