## G. W. HENSON v. M. H. BYRNE.

### No. 653.—Decided April 18, 1898.

1. **Costs of Trial Court—Affirmance—Execution.**

In a case affirmed by the Court of Civil Appeals the clerk of that court has no authority, under Rev. Stats., arts. 1028, 1029, 1035, 1036, to issue execution in favor of the clerk of the trial court for the costs of making the transcript. (Pp. 626, 627.)

2. **Same—Statutes Construed.**

Rev. Stats., art. 1029, in cases reversed, authorizes execution from the appellate court for costs occasioned by the appeal, including cost of transcript; art. 1036, applying to all final judgments, provides for withholding mandate till costs are paid, and for issuing execution for costs of appellate court; this latter article does not cover cost of transcript, which in such case is to be collected by process from the trial court. (Pp. 626, 627.)

3. **Same—Case Distinguished.**

Railway v. Hume, 30 S. W. Rep., 863, distinguished. (P. 627.)

QUESTION CERTIFIED from Court of Civil Appeals for the Third District.

GAINES, CHIEF JUSTICE.—The following questions have been certified for our decision by the Court of Civil Appeals for the Third Supreme Judicial District:

"There is now pending and undetermined in the Court of Civil Appeals of the Third Supreme Judicial District of Texas, a motion made by W. T. Cox, Ex-District Clerk of Collin County, Texas, wherein this court is asked to require R. H. Connerly, the present clerk of this court, to issue an execution for the transcript fees due to the said Cox, in the above styled and numbered cause, which, at a former term, was affirmed by this court.

"It appears from the motion pending, that the said Cox is entitled to the sum of $22.75 as the cost of making the transcript in said cause, and that the amount is now due him and is still unpaid, and that the clerk of this court, doubting his authority in the premises, has declined to issue the execution therefor.

"This court finds the facts substantially as stated above. Now, with this preliminary statement, the Court of Civil Appeals of the Third Supreme Judicial District of Texas, and the Chief Justice thereof, certify to the Supreme Court of Texas the following question:

"In a case in which the judgment of the trial court is affirmed by the Court of Civil Appeals, is the clerk of the latter court required or authorized to issue an execution for the costs due as transcript fees?"

We are of the opinion that the clerk properly declined to issue the writ. We have found no express provision in our statutes which makes

it his duty to issue execution in such a case. The articles of the Revised Statutes which bear upon the question are as follows:

"Art. 1028. Whenever the courts of civil appeals on the trial of cases brought from an inferior court shall affirm the judgment or decree of such inferior court, or when said courts shall proceed to render such judgment or decree as should have been rendered by the court below and such judgment shall be for the same or a greater amount or of the same nature as rendered in the court below, said courts shall render judgment against the appellant or plaintiff in error and his sureties on the appeal bond, a copy of which shall always accompany the transcript of the record, and said courts of civil appeals shall in their discretion include in their said judgment or decree such damages, not exceeding ten per cent on the amount of the original judgment, as the court may deem proper; and the judgment or decree of said courts rendered as contemplated in this article shall be final.

"1029. If no writ of error be sued out or motion for rehearing be filed within thirty days after the conclusion or decision of the court has been entered in any court of civil appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment; and in any cause reversed by said courts the appellant shall be entitled to an execution against the appellee for costs occasioned by such appeal, including costs for the transcript, said costs to be taxed by the clerk of the said court."

"Art. 1035. Upon the rendition by the courts of civil appeals of any such judgment or decree as is contemplated by article 1028, it shall not be necessary for the lower court from which the cause was removed to make any further order or decree therein; but the clerk of said lower court, on receipt of the mandate of the Supreme Court or courts of civil appeals, shall proceed to issue execution thereon as in other cases.

"Art. 1036. On the rendition of any final judgment or decree by the courts of civil appeals the clerk of said court shall not issue and deliver the mandate of the court or certify the proceedings of the lower court until all of the costs accruing in the cause in the courts of civil appeals have been paid. If neither party shall pay the costs and take out the mandate within thirty days after the time when the same can be issued by law, then it shall be the duty of the clerk to issue execution for the costs accruing in his court against the party against whom such costs have been adjudged, and to send such execution by mail to the proper officer for collection; but he shall retain the mandate until the costs have been paid or collected."

It will be seen that article 1036 applies to every final judgment in a court of civil appeals and in the first instance makes it the duty of the clerk to withhold the mandate of the court until all the costs accruing in that court have been paid—unless the party against whom the costs have been adjudged shall make affidavit of his inability to pay or to give security for such costs. But the act in question also makes it his duty, in case the costs have not been paid, to issue execution for the costs accru-

ing in his court. Article 1029 makes a similar provision, for the issuance of the mandate when all costs are paid; and also provides that, in case the judgment is reversed, an execution may issue against the appellee for "costs occasioned by the appeal including costs for the transcript." The provision does not expressly apply to cases in which the judgment has been affirmed, and the implication is that in such cases a different rule should obtain. In art. 1036, which applies to all final judgments, without distinction between those which affirm and those which reverse the judgment of the trial court, the language in reference to the costs is, "the costs accruing in the courts of civil appeals." Should it be asked, why the Legislature should award execution for the costs of the transcript in reversed cases and deny it in those in which the judgment has been affirmed, the answer is, that, in the latter, execution from the Court of Civil Appeals is not necessary in order to collect such costs. Art. 1035 (already quoted) provides, in effect, that in cases in which the courts of civil appeals affirm the judgment of the trial court or render the judgment upon reversal, the judgment of the Court of Civil Appeals shall be executed by process from the trial court upon the mandate of the appellate court; and we are of opinion that if it had been intended to include the costs of the transcript, the Legislature would have expressed that intention in direct terms, as was done in art. 1029. Our present statutes in regard to the procedure in the courts of civil appeals are in the main the same which formerly existed as to the practice in the Supreme Court; but the former statute had no such provision as that found in art. 1029. In other words, there was no law expressly authorizing execution from the Supreme Court for the costs of the transcript in any case; and in Bonner v. Wiggins (54 Texas, 210) it was held, that such costs were to be collected upon execution from the District Court. In the case cited the question arose after the judgment was reversed and the cause remanded.

Our decision in the case of the Gulf, Colorado & Santa Fe Railroad Company v. Hume (30 S. W. Rep., 863) is not inconsistent with the views here expressed. The question in that case was, whether the mandate of this court should issue upon payment of the costs of the Supreme Court and the costs which had accrued in the Court of Civil Appeals, exclusive of the costs of the transcript of the District Court. The judgment of the Court of Civil Appeals and that of the District Court in that case had been reversed and the cause remanded; and referring to article 1035, quoted above, we held, in accordance with its spirit, that in such a case the costs of the transcript should be paid before the mandate could issue.

We answer the question certified in the negative; and our opinion will be so certified.