## WILLIAMS v. FOSTER. (No. 1555.)

(Court of Civil Appeals of Texas. Amarillo. June 15, 1921.)

1. **Appeal and error** ⊝⟳1217—**Execution obtained through processes issued out of court having original record.**

The execution of judgment at common law was obtained through processes issued out of the court having the original record, and this is true in Texas procedure under Rev. St. art. 1646, relating to execution on judgments of Court of Civil Appeals.

2. **Appeal and error** ⊝⟳1217—**County court proper place to institute proceedings for violation of agreement in proceedings on mandate from Court of Civil Appeals.**

When the Court of Civil Appeals affirmed judgment of the lower court appointing a guardian of a minor, it became the duty of the county court, under the mandate issued from the Court of Civil Appeals, to give effect to such judgment, which required other proceedings in the county court, such as fixing the amount of the guardian's bond, etc.; an agreement made between the guardian and another party filed in the county court and approved by the county judge, relative to the minor remaining in school until the end of her term, was a part of such subsequent proceedings, and if violation of such agreement subjects the parties violating it to a charge of contempt, the appropriate place to institute contempt proceedings against them is in the county court, and not in the Court of Civil Appeals.

3. **Appeal and error** ⊝⟳1217—**Jurisdiction of appellate court does not end with its mandate.**

Rev. St. art. 1592, gives the Courts of Civil Appeals power to issue such writs as are necessary to enforce the jurisdiction of the court, and the jurisdiction of such a court does not end with the issuance of its mandate.

4. **Appeal and error** ⊝⟳1206—**Appellate court need not move where obstruction of execution of judgment is act of mere individual.**

There is no necessity for any procedure in the appellate court where the obstruction to the execution of the judgment of the lower court, affirmed by the appellate court, is the act of a mere individual, and is not caused by the refusal of the lower court to issue execution, etc.

5. **Judges** ⊝⟳45—**Judge held not disqualified by relation by "affinity" to litigant.**

The county court judge whose daughter was the wife of a litigant's son was not related by "affinity" to the litigant to disqualify him from sitting in the cause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Affinity.]

6. **Judges** ⊝⟳19—**Litigant who consented to appointment of special judge cannot in contempt proceedings impeach such judge's acts.**

A litigant in a guardianship matter, who by his agreement entered into with the other party and filed in the county court recognized the authority of a special judge to act in such case, cannot in contempt proceedings in the Court of Civil Appeals for violation of the agreement, impeach the acts of such special judge, though in fact the regular county court judge was not disqualified from relationship to the other litigant by affinity, and there was no need for the appointment of the special judge.

Error from District Court, Floyd County.

Proceedings between S. E. Williams, and J. J. Foster in the matter of the minor Alta Grace Williams. From the judgment, Williams brings error. Motion by J. J. Foster to have S. E. Williams and B. Frank Buie, his attorney, held in contempt of the Court of Civil Appeals. Motion denied and proceedings dismissed.

Hendricks & Mood, of Amarillo, for plaintiff in error.

A. P. McKinnon, of Floydada, for defendant in error.

BOYCE, J. Defendant in error, J. J. Foster, has filed this motion to have the plaintiff in error, S. E. Williams, and his attorney, B. Frank Buie, held in contempt of this court. The history of the case, down to the filing of this motion, is set out in the opinion in the disposition of another proceeding, in the case Williams v. Foster, 229 S. W. 896, and need not be repeated. It appears that J. J. Foster, after the former order of this court above referred to, duly qualified as guardian of the person of the minor, Alta Grace Williams, and that thereafter said J. J. Foster, as guardian, and S. E. Williams and his wife, executed the following agreement:

"In the Matter of Guardianship of the Minor, Alta Grace Williams. In the County Court of Floyd County, Texas, January Term, 1921. It is hereby agreed, the Hon. J. N. Stallbird, special judge approving the same, that, whereas said minor, Alta Grace Williams, is now in school at Canyon and that it is to the best interest of said minor to remain in said school until the present term expires, which will be some time during the next month, said minor being now with her grandparents, S. E. Williams and his wife, Sarah Williams: Now the said J. J. Foster, guardian of said minor, agrees that said S. E. Williams and wife shall keep said minor and send her to school where she has attended until the expiration of said school, on condition that said Williams and wife will, within three days after said term of school shall expire, bring said minor, Alta Grace Williams, to Floydada, Texas, and have her before said special county judge, Hon. J. N. Stallbird, giving notice of the exact date on which said minor is to be brought before said court, to all of which said S. E. Williams and wife, Sarah Williams, agree, and all parties have signed, this the 14th day of April, 1921, same being filed among the papers of this cause. This agreement not to affect the legal right of either party when said minor is produced in court."

The agreement was signed by said parties and approved by the said J. N. Stallbird, and filed in said cause. It further appears that

the said S. E. Williams, acting under the advice of his attorney, B. Frank Buie, has refused to comply with said agreement and has refused to produce said minor in said county court, or deliver her to the said J. J. Foster. It is alleged that this action places said parties in contempt of this court. The respondents, in their reply to the motion, deny the jurisdiction of this court in such matter, and for answer justify their failure to comply with the said agreement on the alleged ground that all proceedings had before said J. N. Stallbird, as special judge, which included the qualification of the said J. J. Foster as guardian, are void because of the fact that the appointment of the said J. N. Stallbird as special judge was unauthorized. In this connection it is alleged and shown that W. B. Clark was the duly qualified and elected county judge of Floyd county at the time of these proceedings; that the said. W. B. Clarke, whose daughter was the wife of J. J. Foster's son, certified to the Governor of the state that he was disqualified for such reason. Upon such certification the Governor appointed said J. N. Stallbird special judge in such proceeding, who duly qualified according to law.

[1, 2] We are of the opinion that we should not take cognizance of this proceeding. The execution of judgment at common law was obtained through processes issued out of the court having the original record. Freeman on Executions, § 13. And this is true in our procedure. R. S. art. 1646; Henson v. Byrne, 91 Tex. 627, 45 S. W. 382; Henry v. Red Water Lumber Co., 46 Tex. Civ. App. 179, 102 S. W. 749. The appellate court issues its mandate to the trial court, and it is the province of such court to execute the judgment through proper orders and process. When this court affirmed the judgment of the lower court, appointing J. J. Foster guardian of the person of the minor, Alta Grace Williams, it became the duty of the county court, under the mandate issued from this court, to give effect to the judgment. This required other proceedings in that court, such as fixing the amount of the guardian's bond, approval of same, issuance of letters of guardianship, and further supervision of the proceeding in accordance with law. The agreement made between the guardian and S. E. Williams, filed in the county court, and approved by the county judge, was a part of these subsequent proceedings. If the violation of such agreement subjects the parties violating it to a charge of contempt, the appropriate place for instituting contempt proceedings is in the county court. We need not decide what, if any, power and the proper method of exercising it the county court has to secure the custody of the minor, after it has appointed a guardian and he has qualified. The point is not briefed, and the authorities, on a cursory examination, may be confusing. Ex parte Reeves, 100

Tex. 617, 103 S. W. 480; Anderson v. Cossey, 214 S. W. 624; Stirman v. Turner (App.) 16 S. W. 787; Fitts v. Fitts, 21 Tex. 511.

[3] But if the execution of the judgment appointing the guardian involves the placing of the minor in the actual custody of such guardian, the appropriate proceeding, whatever that may be, to accomplish this result, should be taken in the court of original jurisdiction. If the county court be in the first instance without power to secure such custody, by proceedings in that court or process issued by it because its exercise would be an encroachment upon the jurisdiction of the district court, as conferred by article 5, § 8, of the Constitution, the appellate court in an appeal in such proceeding would be similarly limited as to its powers. The proposition, however, that the jurisdiction of the appellate court ends with the issuance of the mandate as thus broadly stated, is not correct. The Courts of Civil Appeals are given power to issue such writs as are necessary to enforce the jurisdiction of said court. R. S. art. 1592. The Supreme Court, in the case of Wells v. Littlefield, 62 Tex. 30, said of the jurisdiction of that court:

"Jurisdiction [of this court] continues until the case, as made by the appeal or writ of error, is fully determined by this court and its judgment is completely executed by the court below. * * * This court can see that the party in whose favor its decision has been given has the benefit of all proceedings below necessary to enforce its judgment."

In the exercise of this power the appellate courts may, by mandamus, require the trial court to carry out the judgment and provide for the issuance of proper process for the enforcement thereof, and any other courts may be prohibited by a writ of prohibition from interfering with the execution of the judgment by the lower court, or with the process issued out of such court. A failure of the trial court to carry out the judgment of the appellate court, or the interference with the processes of the trial court by any other court, is regarded as a "violation of the jurisdiction of the appellate court." Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224; Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S. W. 578; Conley v. Anderson (Sup.) 164 S. W. 986; Cattlemen's Trust Co. v. Willis, 179 S. W. 1115; Birchfield v. Bourland, 187 S. W. 425. These authorities we were of the opinion warranted us in issuing the writ of prohibition granted in the other proceeding in this case already referred to, which prohibited the county judge of Randall county from assuming to take jurisdiction of the guardianship of such minor, which he was proceeding to do by the appointment of a temporary guardian and entertaining a proceeding to appoint a permanent guardian for such minor. But in all the above-cited authorities there was a necessity for some action by the appellate court be-

cause of the fact that some judicial authority, either the trial court itself or some other court, was preventing the execution of the judgment; in some cases the trial court either refused to enter the proper orders or issue the proper process to enforce the judgment of the appellate court; in other cases some other court was interfering with the execution of the process issued by the trial court in the enforcement of the judgment.

[4] But it would seem that there would be no necessity for any procedure in the appellate court, where the obstruction to the execution of the judgment is the act of a mere individual. The trial court, having the duty of the execution of the judgment, has ample power to protect its proceedings and process in such case. The movant does not show that he has applied for or been denied the benefit of any appropriate process or proceeding to secure the custody of his ward, or that any constituted authority is obstructing the enforcement of whatever rights he has under the judgment. Under the circumstances we are of the opinion that we should not entertain this motion, and these proceedings will be dismissed.

[5, 6] It is not necessary to decide the other question as to the validity of the proceedings before the special judge, but in view of further action in the case we deem it proper to say that we are of the opinion that the regularly elected judge was not disqualified. The facts stated as grounds for his disqualification do not show any relation by affinity to the said J. J. Foster. Seabrook v. First National Bank, 171 S. W. 248; Words & Phrases, title "Affinity"; definition of "Affinity" in Bouvier's Law Dictionary. But no objection was made to the appointment of the said Stallbird as special judge. The certificate of disqualification states that his appointment was agreeable to all parties, and the said S. E. Williams, by the agreement entered into and filed in the county court, recognized the authority of the said special judge to act in such case. He is not in position at this time and place and in this manner to impeach the acts of the said special judge. Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924; Hall v. Jankofsky, 9 Tex. Civ. App. 504, 29 S. W. 515; Texas Central Railroad Co. v. Rowland, 3 Tex. Civ. App. 158, 22 S. W. 134; Coles v. Thompson, 7 Tex. Civ. App. 666, 27 S. W. 46; Campbell v. McFadden, 31 S. W. 437; Ford v. First National Bank, 34 S. W. 685.