## TOLBERT et al. v. PORTER.

### No. 1919.

Court of Civil Appeals of Texas. Waco.

June 17, 1937.

R. D. Evans, of Waco, for plaintiffs in error.

Barney A. Garrett and E. D. Garrett, both of Waco, for defendant in error.

ALEXANDER, Justice.

This is an action in trespass to try title brought by Caroline Tolbert and husband against Henry Porter to recover title and possession of 2.87 acres of land. The case was tried without a jury and judgment rendered for defendant. Plaintiffs sued out this writ of error.

 The only assignment of error and proposition thereunder presented by plaintiffs in error are as follows: "First Assignment. The Court erred in holding that the law and the facts were with the defendant and granting judgment for defendant. Proposition One. Where the preponderance of the evidence is against the findings of fact, cause should be reversed." It is quite evident that the above assignment and the proposition thereunder are insufficient to present reversible error. 3 Tex.Jur. 852; Courts of Civil Appeals Rules No. 26; District Court Rule No. 68; Chapman v. Reese (Tex.Civ.App.) 268 S.W. 967; Tyler County State Bank v. Shivers (Tex.Civ.App.) 281 S.W. 264.

Under the above assignment and proposition, the plaintiffs in error argue that the trial court erred in its implied finding that the defendant had title to the land in question by limitation. Notwithstanding the defective assignment, we have considered this contention and have concluded that it must be overruled. The defendant claimed title to the land under his father, Cal Porter, who acquired a deed thereto in 1875. Plaintiffs claim title under Betsy Ann Porter, who married Cal Porter in 1885. The evidence was sufficient to show that Cal Porter acquired title to the land by limitation prior to his marriage to Betsy Ann Porter. Cal Porter died about 1887. Whatever title he so acquired passed to his son, Henry Porter, the defendant herein. The land appears to have been set aside to Betsy Ann Porter as her homestead after the death of Cal Porter and she continued to occupy the same as such until her death in 1935. In 1892, while she so occupied the property, one Smith asserted some title to the land and she paid him a small sum of money for a deed thereto in order to avoid being disturbed in possession of the land. Betsy Ann Porter occupied the property as a homestead from the death of Cal Porter, in 1887, to the time of her death in 1935, but it does not appear that she ever brought home to the children of Cal Porter notice that she was holding same adversely to them. Since she had the right to occupy the property as a homestead, her mere occupancy thereof, without bringing home to the children of Cal Porter notice that she was claiming the same adversely to them, did not start the run-

ning of limitation in her favor. Wiggins v. Holmes (Tex.Civ.App.) 39 S.W.(2d) 162, pars. 4 and 5, and authorities there cited.

The judgment of the trial court is affirmed.