**PORTER v. TOLBERT et al.**

No. 2067.

Court of Civil Appeals of Texas. Waco.

April 28, 1938.

Barney A. Garrett, of Waco, for relator.

John B. McNamara and R. D. Evans, both of Waco, for respondents.

ALEXANDER, Justice.

Henry Porter has filed an original application herein against Caroline Tolbert and her husband and the district clerk and sheriff of McLennan county for a writ of mandamus to compel the issuance and enforcement of a writ of possession for 2.87 acres of land in McLennan county, Texas, alleged to have been recovered by Henry Porter from Caroline Tolbert and husband in a trespass to try title suit in the district court of McLennan county. The material question to be determined is whether or not Porter recovered the title to the entire 2.87 acres of land or only a part thereof.

The record discloses that in January 1936, Caroline Tolbert and husband filed suit against Henry Porter in the district court of McLennan county in trespass to try title and alleged, in part, as follows:

"* * * on or about the 1st day of January, A. D. 1936 she was lawfully seized and possessed of the following described land and premises situated in McLennan county, Texas, holding and claiming the same in fee simple, to-wit:

"Being a part of the Sterling Smith quarter of the Joseph M. Curheil League, beginning at a stake in the North line of the Curheil League at the Northwest corner of 10-⅓ acre tract sold to Sam H. Johnson; thence S. 30 E. ——— vrs. to a stake whence a pecan marked 'J' brs. N. 40 E. 8 vrs; thence S. 60 W. 312 vrs. to a stake 52 vrs. from N. line of League; thence N. 30 W. 52 vrs. to a stake; thence N. 60 E. with Curheil line 312 vrs. to the place of beginning, containing 2.87 acres."

* * * *

"That plaintiff's mother, Betsy Ann Porter, purchased the said land and premises from S. H. Smith and wife M. B. Smith by deed dated the 1st day of April, A. D. 1892."

* * * *

"That on the day and year last aforesaid, to-wit: about A. D. 1936 defendant unlawfully entered upon said premises and moved the fence line from the north line of said tract and placed it in the center of said tract extending from the south line of said tract half way through to the northeast line of said tract. That said defendant has taken charge of said strip of land and unlawfully withholds from plaintiff the possession thereof to plaintiff's damages in the sum of $100.00."

Said plaintiffs therein further alleged that they feared that the defendant would make use of his possession to injure said property and prayed that a writ of sequestration issue, commanding the officer to "take into his possession the property herein described" etc. Writ of possession issued for the entire 2.87 acres of land and the sheriff's return thereon recites that he took into his possession the property described therein.

Henry Porter, the defendant therein, in addition to entering a plea of not guilty, alleged that he had title to "the lands and tenements claimed by the plaintiffs in their petition" by virtue of the various statutes of limitation, and further alleged: "This defendant would further show that the claim made by the plaintiffs in this suit casts a cloud on this defendant's title, and should be removed by a judgment of this court."

Defendant prayed that the cloud on his title, caused by plaintiffs' claim, be removed. A trial before the court in that cause resulted in judgment that plaintiff take nothing and that "the cloud on the title of Henry Porter to the land in controversy caused by the claim asserted by Caroline Tolbert and Rufus Tolbert be and the same is hereby in all things removed, and the title to said land be and the same is hereby quieted in the defendant Henry Porter." A writ of error was sued out by Caroline Tolbert and her husband, and the judgment of the lower court was affirmed. See Tolbert v. Porter, Tex.Civ.App., 107 S.W.2d 459. On that appeal no question was raised as to the sufficiency of the description in the judgment of the land recovered by the defendant therein. Mandate was issued and returned to the lower court, and thereafter, the district clerk of McLennan county, at the instance of Henry Porter, caused writ of possession to issue to the sheriff, directing him to place the said Henry Porter in possession of the 2.87 acres of land described by field notes hereinabove set out. Shortly thereafter, Caroline Tolbert complained of the form of this writ, and, as a result, it was withdrawn and a new one was issued, directing said sheriff to place the said Henry Porter in possession "of the lands in controversy." Said sheriff refused to execute said writ because it did not sufficiently describe the land. As a consequence, the said Henry Porter has applied to this court for a writ of mandamus to compel the

1160

district clerk to issue a writ of possession for the entire 2.87 acres of land above described and to direct the sheriff to enforce the same.

 Since this court affirmed the judgment of the lower court, out of which the writ of possession issued, such judgment has become the judgment of this court, and we must protect the enforcement thereof. R.S. arts. 1823, 1858; Conley v. Anderson, Tex.Sup., 164 S.W. 985; Wells v. Littlefield, 62 Tex. 28; Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex.Civ. App., 92 S.W.2d 493; Williams v. Foster, Tex.Civ.App., 233 S.W. 120. A proper disposition of the question raised by the application for mandamus requires an interpretation of the judgment to ascertain what land was recovered by Porter. The real difficulty arises out of the fact that the judgment does not sufficiently describe the land so recovered by him. It will be noted that the judgment itself does not undertake to describe the land affected thereby. In view of the fact that the judgment was for the defendant for the title and possession of the "land in controversy," we are permitted to look to the pleadings to ascertain what land was in controversy. Permian Oil Co. v. Smith, Tex.Sup., 107 S.W.2d 564, 111 A.L.R. 1175; Dagley v. Leeth, Tex.Civ.App., 106 S.W.2d 730, 731; Bundick v. Moore-Cortes Canal Co., Tex.Civ.App., 177 S.W. 1030, par. 4. Plaintiffs' petition describes by metes and bounds the 2.87 acres of land, and while it alleges that the defendant moved the fence from the north line thereof and placed the same in a new location and took possession of "said strip of land," no attempt is made to describe "said strip of land" so taken possession of by the defendant. By using the expression, "said strip of land," the plaintiffs therein may have intended to allege that said defendant had taken possession of and was claiming only a part of said described tract, or they may have referred to the entire tract as "said strip of land" and intended to allege that the defendant had taken possession of the whole tract. However, we think the fact that plaintiffs therein caused a writ of sequestration to be issued and levied on the entire tract of 2.87 acres makes it clear that the defendant therein had taken possession of the entire tract, and that the title and possession of the whole thereof was in controversy. Moreover, said defendant, in his answer, claimed title by limitation to the "land and tenements claimed by the plaintiffs in their petition." The plaintiffs in their petition claimed the entire tract of 2.87 acres. In fact, this is the only tract of land described anywhere in the pleadings. For these reasons, we think the "land in controversy" as recovered by the defendant in the original suit included the entire tract of 2.87 acres of land.

The writ of mandamus is granted as prayed, and the clerk of the lower court is directed to issue, and the sheriff to enforce, a writ of possession in favor of the said Henry Porter for said land. However, in view of the fact that said officers have at all times been willing to enforce said judgment, when the same was properly interpreted by this court, it will be unnecessary for the writ of mandamus to actually issue at this time. For the same reasons, said officers will not be charged with any of the court costs herein, but all costs of this proceeding will be assessed against Caroline Tolbert and her husband.