MOSES CAMPBELL AND ANOTHER V. JENNINGS BECKWITH.

Where the makers and indorsers of a note were joined as defendants in the same suit, and the maker appeared and answered by a general denial, but the indorsers failed to answer, and the judgment by default was rendered against the indorsers, without further notice of the maker, upon which judgment execution issued ; on error by the indorsers, the judgment was reversed, on the ground that, under the statute, judgment could not be rendered against the indorsers, unless it was at the same time rendered against the maker, except in the cases provided in the statute, of which this did not appear to be one.

Error from Guadalupe. Tried below before the Hon. Thos. H. DuVal.

The entry of judgment did not conclude with the usual order, "for which let execution issue ;" from which it might be inferred that the Court below did not consider the judgment final. But it does not appear that even an interlocutory judgment by default would be proper in such a case. Execution had issued.

*Sherwood & Thornton*, for plaintiff in error.

HEMPHILL, CH. J. This was a suit by an endorsee against the maker and indorsers of a promissory note. The defendants were served with process, and the maker appeared and filed a general denial. The endorsers, who are the plaintiffs in error, made default, and judgment final was entered against them, but no judgment was taken against the maker. The indorsers sued out this writ of error, and assign, in substance, that there was error in rendering judgment against them, without at the same time taking judgment against the principal, or maker of the note.

There can be no question of the validity of this objection to the judgment. The policy of our law has been to protect sureties and indorsers, so as to make them generally (at least such is the spirit of the law,) but final securities for the payment of debts. But without recurring to the benign principles of Spanish jurisprudence, or of the District Court Act of 1836, or the first Section of the Act of 1840, with reference to negotiable instruments, protecting the rights of sureties and indorsers. it will be sufficient to refer to Art. 670, (Hart. Dig.) Sec. 4, of the Act. of 1846, which declares that no person shall be sued as an indorser, as guarantor, or as security, unless suit shall have been and is simultaneously commenced against the principal, except, &c. The 45th Section of the same Act, (Id. Art. 704,) providing for discontinuance as to some defendants, and proceeding against others, declares that it shall not be so construed as to allow a plaintiff to discontinue as to the principal, and take judgment against the surety or indorsers jointly sued ; and the Art. 705, Section 46, authorizing the principal and surety, or indorser, to be joined in the same suit, but declares that judgment shall not be rendered against the indorser or surety in such suit, unless judgment be at the same time rendered against the principal, except where there is discontinuance as to the principal because he resides beyond the limits of the State, or because he is insolvent.

Here there was not even a discontinuance as to the principal, nor could there have been any discontinuance, he being a resident of the county, as shown by the petition, and it not appearing from the allegations or proof that he was insolvent.

The judgment is manifestly in contravention of the Statute, and it is ordered that the same be reversed, and the cause remanded.

Reversed and remanded.