J. J. CASTLES, ADM'R, ETC., V. G. E. BURNEY AND OTHERS.

It is provided by our statute that when any judge is disqualified, the parties
  may, by consent, choose and appoint some other person to try the cause.
  (Paschal's Digest, article 1419.) A judgment rendered in the district
  court by a special judge who was chosen by the plaintiff only, and
  without the concurrence of the defendants, was voidable; and the de-
  fendants were entitled, in their injunction suit, to have the judgment
  set aside and the cause reinstated on the docket.

APPEAL from McLennan. Tried below before the Hon. J. W.
Oliver.

The only facts involved in the questions decided are clearly
indicated in the opinion of this court.

*Norris & Sleeper* and *R. N. Goode*, for the appellant.—The
answer of appellant shows that while Earle, the party defendant
related to the judge, did not agree to the selection of the special
judge, others of the defendants did agree with the plaintiff in the
selection of the judge who presided. The question presented to
the court is, does the fact of Earle not consenting to the special
judge render the judgment a nullity?

The statute does not say that the party related to the judge
shall agree with the other party upon a member of the bar to
preside in such cases. It provides that " the parties " shall agree.
This may or may not mean all " the parties." It may or may
not mean that " the parties " shall consist, in this case, of the
plaintiff and the party related to the judge. Here arises a ques-
tion of the construction of the statute. And it is contended that
the effect of a wrong construction of this particular statute makes
a judgment rendered by virtue of it absolutely void. We say that
such is not the effect.

1. No judgment is null and void which is rendered in a court
having full and complete jurisdiction of the person and the subject

matter of the suit. However erroneous may be the judgment of such courts, they can only be called in question before appellate tribunals. (10 Wheat., 192; 3 Pet., 193; 8 How., 586.) The question arises, did the district court of the county in which this judgment was rendered have full and complete jurisdiction of the cause ?

When does a court obt. in that jurisdiction which gives to its judgments the high dignity of being unquestionable, except in the appellate tribunals ? We answer, when the law confers jurisdiction over the subject matter, and process is served on the party according to law. If this is so, most clearly the court below had full and complete jurisdiction of this cause, and if our premise is right, our conclusion that the judgment rendered is not void, is also right.

2. The manner in which the presiding judge was chosen cannot affect the jurisdiction. The jurisdiction of the court cannot be thus affected. The judge is not " the court." He is but an officer of " the court." He may die or resign, and " the court " does not lose its jurisdiction of causes pending in it on his death or resignation, and regain it again when the vacancy is filled. So if a special judge is chosen erroneously, and the record shows the error, yet the judgment rendered by him is not void. It is only subject to be reversed for error on proper proceedings. (2 Bacon, 616.)

It must readily occur to the court that the reasons are most cogent why the lower court should not declare such a judgment as the one now under review null and void. A question involving the proper construction of a statute is raised, and it may be decided differently by different judges. We have here a judgment rendered in favor of the appellant on one construction of the statute, and by reason of the power exercised by another judge, in the same court, of giving to it a different construction, the party in whose favor the judgment is rendered is before the appellate court testing

its validity. By this practice the onus of appeal has been shifted off of the defendants, who lost, on to the plaintiffs who succeeded in the suit below. If the validity of the judgment is to be called in question, the party in whose favor it is rendered, has the right to security and indemnity pending the delay. Of this, appellant has been effectually deprived in this case, by the lower court holding as null and void a judgment rendered in it where its jurisdiction was full and complete.

Upon this reasoning we conclude that the court below erred in holding that the judgment was null and void, and entering a decree vacating it and setting it aside. (30 Texas, 744.) There may be error in the manner of selecting the special judge, and if so, there is error in the proceedings for which this court will reverse, when the question is brought before the court in the manner prescribed by law. But this court will not reverse it on this hearing, because the party against whom the judgment is rendered has not brought the question up according to law, and this court will not sanction a practice which results in relieving the burden of appeal from the shoulders of the party, or to whom it is cast by law.

3. Again, we say there is no equity in the petition, either of Earle or the appellees, because they were precluded by the express terms of the law, by lapse of time, from resorting to this remedy in the case. (Paschal's Digest, article 3931.)

In this act it is expressly provided that no injunction to stay execution shall be granted but within one year after the judgment is rendered, unless for fraud, etc. Two years had elapsed after the rendition of the judgment before Earle sued out his injunction, and nearly four years had elapsed before appellees sued out the second injunction. There is no allegation of fraud which can be charged to appellant, and the parties have not attempted to bring themselves within the exceptions to the statute.

It may be contended that this act does not refer to judgments

which are absolutely null and void. If so, we answer that the language is general. No exception is made in favor of void judgments. The Legislature has full control of legal remedies. It can limit or repeal any remedy, enlarge or abridge *ad libitum*, subject to vested rights. It has the right to take away the remedy by injunction altogether. For a greater reason it can limit a resort to it to a specified time. This right the Legislature has exercised in the case of injunctions, and it is difficult to see upon what principle it can be claimed that it was not intended that this law should apply to an injunction which a party may claim is void. It cannot be said that in such case a party would be remediless; he can resort to a writ of error. Property sold under a void judgment would not pass to the purchaser; it could be recovered back. Indeed, the officer executing the process emanating from such a judgment would be liable to a suit for damage. Such a party is not, therefore, without a remedy, and the Legislature has simply interdicted a resort to the extraordinary writ of injunction after the lapse of one year. We say, therefore, that the injunction process was not within the legal reach of appellees at the time they resorted to it.

We make the foregoing points on the question of equity in the petition. We may be in error in the views we have expressed, but we now say, that though all our reasoning may be wrong, yet there is error in the judgment.

1. On a motion to dissolve an injunction the court cannot dispose of the case as on final hearing.

2. It was the duty of the court to overrule the motion if the petition showed equity, and it had not been fully answered, and then allow the defendant to amend his answer and reconvene by setting up the note and ask a judgment on it, thus saving expense and delay. By the judgment rendered he was precluded from this right, and he is delayed in the collection of his just claim. (20 Texas, 483; 24 Texas, 194.)

*Coke, Herring & Anderson, Speight & McKenney,* and *Flint, Chamberlin & Graham,* for the appellees, contended that the judgment enjoined was absolutely void.

WALKER, J.—The appellant obtained a judgment at the Fall term of the district court, for the year 1866, against the appellee Burney and others. One of the defendants, J. B. Earle, was a relative of the presiding judge, who recused himself on that account. And it appears that a special judge acted in the case, but was not chosen in the manner provided by law. His judgment was voidable, and the defendants below resorted to their remedy by injunction. The judgment of the district court, dissolving the injunction and reinstating the case, was the correct practice, and we see no error in this on which to reverse.

The judgment is therefore affirmed.

Affirmed.