# FIFTH DISTRICT, 1895.

### L. R. HALL ET AL. v. L. JANKOFSKY.

#### No. 1044.

1. **Special Judge—Objections—Estoppel.**—Where a party suffers his case to go to trial before a special judge, without any objections made then or on a subsequent appeal of the case, he is estopped to question, in a collateral proceeding, the regularity of the appointment of such special judge.

2. **Same—Disqualification.**—Where the regular judge was disqualified by reason of relationship to one of the parties defendant, the selection or appointment of a special judge was not involved when at the time it was made the defendant related to the regular judge had died before service of citation on him, and subsequently a discontinuance was entered as to him before the trial of the case.

3. **Same—Order of Discontinuance.**—Where the judge is disqualified by reason of relationship to one of the defendants, he can not make a legal order discontinuing the case as to such defendant, and thus qualify himself to try the cause.

APPEAL from Camp. Tried below before S. P. POUNDERS, Esq., Special Judge.

*E. A. King*, for appellants.—If Thompson was a party to the suit, he was dead at the time the special judge was selected, and his legal representatives had not been make parties. If he was not a party, then the regular judge was not disqualified; so that in either event the judgment is void, because rendered by a special judge not legally authorized to sit in the cause. Rev. Stats., arts. 1090, 1091, 1248; 23 Texas, 104; 60 Texas, 676; 6 Texas, 435; 23 S. W. Rep., 818; 6 Texas, 54; 9 Texas, 294; 39 Texas, 230; Posey's U. C., 117; 9 Texas, 319; 1 Texas, 48; 74 Texas, 77; 34 Texas, 470; 23 Texas, 104; 12 S. W. Rep., 851; 20 S. W. Rep., 987; 58 Texas, 141.

*W. P. McLean* and *M. L. Morris*, for appellee.—1. Neither the heirs or legal representatives of Thompson are complaining of the proceedings called in question by appellants, and they (appellants) having made no objection to the selection of the special judge who tried the case in the District Court, and having gone into the trial of said case before said special judge without objection, this was in itself an agreement to submit the case to him, and no objection as to qualification can thereafter be made. Railway v. Rowland, 22 S. W. Rep., 137; Schultze v. McLeary, 73 Texas, 92.

2. The fact that Thompson died after the suit was filed against him and his codefendants, and before service of citation, did not relieve his estate from liability, nor of itself eliminate his name from the suit as a defendant. His death rendered it necessary to make his legal

representatives or heirs parties before the suit could proceed further against him; and if this was not done, then it became necessary to suggest his death and obtain an order discontinuing the suit as to him. The disqualified judge could neither make an order making his legal representatives or heirs parties, nor could he make the order discontinuing the suit as to him—hence the necessity for the appointment of a special judge. Gains v. Barr, 60 Texas, 678; Hodde v. Susan, 58 Texas, 389; Garret v. Gaines, 6 Texas, 435.

LIGHTFOOT, CHIEF JUSTICE.—The following statement by appellee's counsel is substantially correct, and is adopted: Appellee, L. Jankofsky, recovered judgment in the District Court of Camp County, Texas, on December 10, 1890, in cause number 882, against John P. Richardson, L. C. Dupree, J. P. Newberry, J. F. Reynolds, L. R. Hall, J. E. Robinson, J. T. Musick, J. M. Nelson, and F. M. Newberry, for $3304.70, and all the costs of suit.

The cause of action upon which said judgment was rendered was the unlawful seizure of a stock of goods belonging to appellee, under an execution in favor of John P. Richardson, one of the defendants in said suit, against one Slotsky. Hooper & Thompson (a firm of lawyers, the members of which were John W. Hooper and John A. Thompson), as the attorneys of said Richardson, directed the sheriff of Camp County to levy said execution on appellee's said stock of goods. L. C. Dupree, one of the defendants in said suit, was sheriff of said county at said time, and levied the execution on appellee's goods, as directed by said attorneys. Appellee brought suit for the value of said stock of goods, making said John P. Richardson, John W. Hooper, John A. Thompson, L. C. Dupree, and the sureties on the latter's official bond as sheriff, defendants. The sureties on said bond were J. P. Newberry, J. F. Reynolds, L. R. Hall, J. E. Robinson, J. T. Musick, J. M. Nelson, and F. M Newberry.

The wife of defendant John A. Thompson is, and was at the time of bringing said suit, a sister of the judge of the District Court for the district in which said suit was brought, to wit, Hon. John L. Sheppard. Thompson died after said suit was filed, without being served with citation.

At the May Term, 1890, of the District Court of Camp County, an agreement was made and filed in said cause by the attorneys of record for the several parties, that S. P. Pounders, Esq., should try said cause as special judge, and he was duly qualified as such.

Said cause was continued on application of defendants at said term, and was tried with a jury (demanded by defendants) at the succeeding term of the court, with the result above stated. After announcement of ready for trial by both parties at said time, and before proceeding further with the trial, appellee asked and obtained leave of the court to discontinue the suit as to defendant Hooper, because of defective service of citation, and as to defendant J. A. Thompson, because

of his death.  Judgment, as above stated, was rendered against all the remaining defendants in favor of plaintiff, and over against defendant Richardson, in favor of his co-defendants, Dupree, J. P. Newberry, J. F. Reynolds, L. R. Hall, J. E. Robinson, J. T. Musick, J. M. Nelson, and F. M. Newberry.  From said judgment and order overruling their motion for new trial, all the defendants appealed to the Supreme Court.  Dupree, J. P. Newberry, Reynolds, Hall, Robinson, Musick, Nelson, and F. M. Newberry, executed a supersedeas bond, and Richardson executed a cost appeal bond.

The case went to the Supreme Court, and afterwards, under the operation of intervening legislation, was transferred to the Court of Civil Appeals, and, on October 18, 1893, the judgment of the District Court was in all things affirmed by the Court of Civil Appeals for the Fifth Supreme Judicial District.  Richardson et al. v. Jankofsky, 23 S. W. Rep., 815.  Upon this decision the mandate of the court was issued and filed in the District Court, and execution was issued by the clerk of the latter court in accordance with the mandate.  Defendants J. P. Richardson and J. M. Nelson having died after perfecting their respective appeals, and before the issuance of execution, no execution was issued against them.

After said execution was issued and placed in the hands of J. D. Stafford, sheriff of said county of Camp, and after levy was made by said sheriff on property of some of the defendants sufficient to satisfy said execution and judgment, and after the defendants upon whose property said levy was made had paid over to said sheriff the amount of said judgment and execution, four of the defendants in execution applied to the district judge for an injunction.  The injunction was granted by the Hon. John L. Sheppard, who afterwards decided that he was disqualified to try said case, and S. P. Pounders, Esq., the same person who presided as special judge at the trial when said judgment was rendered, again qualified as special judge under executive appointment.  The injunction was subsequently dissolved and petition dismissed by the special judge, from which this appeal was taken.

The other facts necessary to a proper determination of the cause will more fully appear under the different assignments of error, which will be considered separately.

1.  Under appellants' proposition under their first assignment of error, they insist that the judgment rendered in cause number 882, Jankofsky v. Richardson et al., was void, for the reason that the special judge, S. P. Pounders, who tried said cause, was not selected by all the parties to that suit, but only by a portion of them.  John A. Thompson, a brother-in-law to the regular judge, died pending the suit.  After the qualification of the special judge, that suit was dismissed as to Thompson, and no complaint is being made from that source.  Appellants insist in this case, that they were not represented in the selection of the special judge and as this case went off below upon questions of law raised upon the motion to dissolve the injunc-

tion, and exceptions to the petition of appellants, we must look to the petition and exhibits attached thereto to determine the merits of appellants' cause. It is alleged in the petition that appellants were parties to suit number 882; that they recovered judgment therein over against the principal defendant, Richardson; that they made a motion for a new trial therein; gave notice of appeal from that part of the judgment against them; executed appeal bond, and prosecuted the appeal to final judgment in the appellate court. From the judgment in that cause, which is made an exhibit to the petition, we find the following recitations:

"L. JANKOFSKY
　　　　"v.                                "December 10, 1890.
"J. P. RICHARDSON ET AL.

"On this day came on the above cause, and it appearing that Hon. John L. Sheppard, the presiding judge of this court, was disqualified to try this cause, and S. P. Pounders, an attorney at law, was by consent agreed upon by the parties to try this cause, and the oath prescribed by law having been duly administered to said S. P. Pounders, and said case being called for trial, when came on to be heard defendants' special exception to plaintiff's petition, and the court having heard and considered same, is of opinion the law is with the plaintiff, and said exceptions in all things overruled, to which defendant's except. And the death of John A. Thompson, one of the defendants, having been suggested, the suit is discontinued as to him; and it appearing to the court that the citation issued to the defendant John W. Hooper was defective and proper service was not had on him, the plaintiff discontinues as to him, and says he will not at this time further prosecute his said suit against said defendants; and the plaintiff and the other defendants having announced ready for trial, when came a jury of twelve good and lawful men," etc.

It does not appear that appellants made any objection whatever in that case to its being heard before Hon. S. P. Pounders, special judge; but they were content to try their fortunes for good or evil before him, seeing him qualified as special judge, under an agreement which, on its face, was made for all the parties by their attorneys of record, appearing before him, urging demurrers and special exceptions, announcing *ready. for trial* when the case was called, seeing judgment entered up by him, to which they were parties, reciting the fact that the regular judge was disqualified, and that S. P. Pounders *"was by consent agreed upon by the parties to try this cause,"* making motion for new trial, filing bond and following up the appeal to the final judgment, without a single objection to the special judge.

Such facts estop appellants from setting up in a collateral suit that they did not agree to try the cause before the special judge. If appellants did not agree to the special judge, they should have made their

objections in that case, where the questions growing out of it could have been fully heard and determined; but after submitting to a trial of their rights before him, without objection, but in fact consenting and announcing ready for trial, and taking all the chances of success, it comes with bad grace now to raise the question for the first time in a collateral suit.

John A. Thompson having died before the trial, it was proper, upon suggestion of his death and entry of the same on the record, to discontinue as to him and proceed against the other defendants. Sayles' Civ. Stats., art. 1250.

The regular judge being disqualified, by reason of his relationship to Thompson, could not properly make any order discontinuing the case as to him, and thus qualify himself to adjudicate the rights of the other parties. Gains v. Barr, 60 Texas, 676; Garrett v. Gaines, 6 Texas, 435; Hodde v. Susan, 58 Texas, 389.

It was necessary that a special judge should be agreed upon or appointed before any action whatever could be taken in the case. After S. P. Pounders, Esq., was agreed upon and had qualified as special judge in the case, and the case had been disposed of as to Thompson, the special judge was not thereby disqualified to try the case; certainly not, where no objection was made by any party to the case, but all consented to proceed to trial before him as such special judge. In the case of Schultze v. McLeary, 73 Texas, 94, Chief Justice Stayton said: "The parties made no objection to the trial of the case by the special judge until after the trial, and were it necessary, it might be held that they thus waived all question as to the propriety of the appointment at the time made."

2. The second assignment of error is as follows: "Plaintiffs say that the court erred in rendering its judgment in this suit number 1289, because if the said John A. Thompson was a party to said suit number 882, the only grounds that the said John L. Sheppard recused himself upon, was his being a brother-in-law to the said John A. Thompson, a party defendant. That if the said John A. Thompson was not a party to said suit, the said John L. Sheppard, as the regular district judge, was qualified to try said suit number 882, and said judgment in number 882 was void."

This assignment is similar to the first, and, for the reasons above indicated, it is not well taken. John A. Thompson was made a party defendant in cause number 882, and the cause of action stood there against him under appropriate averments before his death, and although he had not been cited before his death, it was not improper for the living parties to agree upon a special judge in order to proceed with the case—either to make his legal representatives parties defendant, or to discontinue as to him, as they might deem proper. The fact that his legal representatives were not parties to the agreement appointing Pounders as special judge is not one of which they are complaining; and appellants have voluntarily entered into trial before such special

judge, should not be heard to complain in a collateral proceeding. The judgment in cause number 882 was certainly not void. There is no question presented as to whether the regular district judge was or was not disqualified in this case, and hence it is not necessary to pass upon that question.

3. The only remaining assignment of error is, that the judgment in cause number 882 is void, because J. M. Nelson, John A. Thompson, and John P. Richardson were dead at the time the case was affirmed in the Court of Civil Appeals.

No propositions have been presented under this assignment, and we do not suppose that it will be seriously insisted upon.

We find no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered January 2, 1895.