# FOURTH DISTRICT, 1896.

---

### T. O. WOLDERT v. DURST & BERGFELD.

Delivered December 2, 1896.

**1. Citation—Insufficient Service—Void Judgment by Default.**
Where citation to defendant, issued to S. County, Texas, was served upon him in another State, and without any accompanying copy of plaintiff's petition, a judgment by default rendered thereon, such facts appearing from the record, was void.

**2. Judgment Against Surety Void, When.**
In an action against a principal and surety, where the judgment against the principal is void for want of legal service, no judgment against the surety is authorized.

APPEAL from the County Court of Smith.    Tried below before Hon. T. B. BUTLER.

*T. O. Woldert,* pro se.

*D. M. Reed,* for appellees.

JAMES, CHIEF JUSTICE.—Suit was brought against Gus J. Woldert, as principal, and T. O. Woldert, as surety, to recover on a note, both alleged to be residents of Smith County.   T. O. Woldert was served. A citation addressed to the sheriff of Smith County, Texas, was served on the principal in Arkansas by a sheriff of that State.   No copy of the petition accompanied this process.   Upon such citation, as the judgment shows, judgment by default was taken against the principal, and at the same time judgment was entered against T. O. Woldert as surety. The latter appeals, and assigns as error that the judgment against the principal was unauthorized, and therefore it was error to enter judgment against him.

The service upon the principal was void.   It was not a notice addressed to the party, as the statute seems to provide, nor was it accompanied by a copy of the petition, as the statute expressly provides. The service did not bring the principal within the court's jurisdiction, to enable it to lawfully render judgment against him.   Lauderdale v. Ennis, 80 Texas, 496.

The court not being in a position to render a judgment against the principal, it was improper to enter judgment against the surety, in the absence of a discontinuance as to the former.

Appellant was sued as surety, although the note appears from the statement of facts to have been a joint undertaking. Plaintiff having alleged that Gus J. Woldert executed the instrument as principal and appellant as surety, and the defendant being thus sued, the case came within the provisions of articles 1207 and 3667, Revised Statutes of 1879. Ritter v. Hamilton, 4 Texas, 325. Without a discontinuance as against the principal, for some of the reasons mentioned in article 1208, a judgment against the surety was erroneous, and of this he has a right to complain. The judgment is reversed and the cause remanded.

*Reversed and remanded.*