# THIRD DISTRICT, 1897.

---

## W. F. DOUTHIT v. W. P. MARTIN & BRO.

### Decided March 3, 1897.

1. **Citation—Service.**
  Service of citation directed to the sheriff, etc., of T. County, made on defendant in H. County and by its sheriff gave the court no jurisdiction.

2. **Principal and Surety—Judgment.**
  In the absence of allegation of facts justifying judgment against a surety without the principal, a judgment against both without lawful service on the principal is erroneous as to the surety.

ERROR to County Court, Bell County. Tried below before Hon. JOHN M. FURMAN.

*Harris & Saunders,* for plaintiff in error.

*A. M. Montieth,* for defendants in error.—It appears on the face of the record that proper parties have not been made in this cause, to take the same up by writ of error and obtain a reversal, because J. R. McMahon and L. G. McDaniel, who are material parties in this proceeding, have been wholly omitted in petition for writ of error, bond for writ of error, and citation in error. Smith v. Parks, 55 Texas, 85; Thompson v. Pine, 55 Texas, 427; Barnard v. Tarelton, 57 Texas, 403; Young v. Russell, 60 Texas, 587; Ricker v. Collins, 81 Texas, 664.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought November 12, 1892, by defendants in error, W. P. Martin & Bro., against J. R. McMahon as principal and W. F. Dothit and L. G. McDaniel as sureties on a bond, dated May 16, 1891, executed by defendants, for

$3251.52, by which, as provided by statute, the estate of Cora McMahon was withdrawn from administration and J. R. McMahon, the sole heir, was allowed to take possession of the estate, obligating himself and sureties, among other things, to pay the debts of the estate.

There is no statement of facts in the record, and we can only consider the allegations of the petition in determining the legality of the judgment of the court below.

The petition shows the facts before stated and as follows: Plaintiffs below held an unpaid claim against the estate of Cora McMahon for $291.40, in the form of a judgment rendered against her in the District Court of Lampasas County on November 11, 1887, bearing eight per cent interest per annum from date.

Cora McMahon died September 30, 1890, and F. H. Ayers qualified as administrator of her estate—date not stated. Plaintiffs duly authenticated a certified copy of the judgment as a claim against the estate December 3, 1890, and presented it to the administrator for allowance January 28, 1891, and it was allowed for the whole amount, including principal and interest, April 13, 1891, by the administrator. The claim was then—April 23, 1891—filed in the County Court of Bell County, where the administration of the estate was pending, and it was duly approved by the County Judge on June 20, 1891. No part of the claim had ever been paid.

Defendant Douthit answered by general denial, April 2, 1894. No answer was made by McMahon nor McDaniel. Citation was issued to the sheriff or any constable of Travis County for service upon J. R. McMahon, the principal sued, May 5, 1894, his residence being alleged to be in Harris County, and the citation was served upon McMahon on May 7, 1894, by the sheriff of Harris County.

On November 20, 1895, the court, without a jury, rendered judgment upon the evidence against McMahon as principal and McDaniel and Douthit as sureties for the amount, principal and interest, due on the judgment—$505.50—costs, etc., the judgment to bear interest at eight per cent per annum. Douthit has brought the case to this court by writ of error.

*Opinion.*—It is insisted by plaintiff in error that no legal judgment was or could have been rendered against McMahon, the principle, who was not served with citation, and therefore it was error to render judgment against plaintiff in error as surety. Both of these propositions must be sustained.

In the case of Witt v. Kaufman, 25 Texas Supp., 384, it was held that a citation directed to an officer of one county was no authority to the sheriff of another county to execute the process, and that service by the latter was in contemplation of law no service. It was also held that the judgment against the person so served was void, the court having no jurisdiction of the person. The statutes requires citation to be directed to the sheriff or any constable of the county where the defendant

is alleged to reside (Rev. Stats. of 1879, art. 1215), and there is no provision of law authorizing the sheriff of another county to serve the citation. The service of McMahon was fatally defective, and no legal judgment could have been rendered against him. See Railway v. Ware, 74 Texas, 48; Edrington v. Allsbrooks, 21 Texas, 188; Stephens v. Stephens, 62 Texas, 340; Terry v. Cutler, 4 Texas Civ. App., 574.

The court having no authority to render judgment against McMahon, the principal, in the absence of averment of facts authorizing judgment against the surety alone, it was erroneous to render judgment against him. Revised Civil Statutes, Title Principal and Surety; Campbell v. Beckwith, 17 Texas, 439; Crawford v. Jones, 24 Texas, 382. There was no averment in the petition that the principal was dead, beyond the jurisdiction of the court, insolvent, nor any fact that would permit judgment against the surety without also taking judgment against the principal.

Under the statute any creditor whose claim is not barred by limitation could maintain an action upon the bond against the distributee or all the distributees who have by giving the bond required withdrawn an estate from administration. And to maintain such suit it would not be necessary to have had the claim allowed by the administrator and approved by the county judge before the bond was filed, nor to have established the claim by suit against such administrator. Rev. Stats., 1879, arts. 1970, 1971.

We find no cost bond in the record, and therefore we do not consider the point raised by defendants in error as to failure of plaintiff in error to include the sureties on the cost bond in the petition and bond for writ of error.

Because of the error in rendering judgment against the surety on the bond sued on, there being no legal judgment against the principal, the judgment is reversed and the cause remanded.

*Reversed and remanded.*