DUNN v. HOME NAT. BANK. (No. 510.)

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1915. On Rehearing, Jan. 20, 1916.)

1. JUDGES ⬥16—SPECIAL JUDGE—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Const. art. 5, § 11, authorizes parties by consent to appoint a proper person to try a case pending in the district court where the judge thereof is disqualified. Rev. St. art. 1676, confers a right of selection of a special judge upon the parties in case of disqualification of the regular judge, and article 1678 provides that in his absence from the court the practicing attorneys thereof may elect a special judge to hold court. The parties to a suit in the district court, from which the regular judge was absent under quarantine restrictions, agreed to try the

case before a member of the bar. *Held*, that the special judge was without authority to act, and that his judgment was void.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 46, 53–59; Dec. Dig. ⊚⇒16.]

2. JUDGMENT ⊚⇒9 — JUDICIAL AUTHORITY — ACT OF PARTIES.

Parties cannot, independently of constitutional or statutory provisions, confer judicial authority, and where it is attempted to be done the judgment of the appointee is a nullity.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ⊚⇒9.]

3. JUDGES ⊚⇒19—SPECIAL JUDGE—JURISDICTION—ESTOPPEL TO DENY.

Parties who have consented to the appointment of a special judge, in the absence of the regular judge from the district court, are not thereby estopped from denying his jurisdiction.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 64–67; Dec. Dig. ⊚⇒19.]

4. APPEAL AND ERROR ⊚⇒185 — REVIEW — FUNDAMENTAL ERROR.

A special judge's want of authority to act affects the jurisdiction of the court, and is therefore a fundamental error, which may be first raised on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1176, 1375; Dec. Dig. ⊚⇒185.]

On Rehearing.

5. JUDGMENT ⊚⇒9 — VALIDITY — PARTY NOT AFFECTED.

In a suit in the district court against the principal and surety on a note, where the principal made no appearance and did not participate in the ineffective agreement by which a special judge acted in the case without authority, the judgment against such principal was a nullity.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ⊚⇒9.]

6. JUDGMENT ⊚⇒237—PRINCIPAL—SURETY.

In such suit, and without a discontinuance as to the principal for some reason mentioned in Rev. St. arts. 1842, 1843, the judgment against the surety was erroneous, as, unless a valid judgment was rendered against the principal, the judgment against the surety was improper.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 415, 418–421, 429; Dec. Dig. ⊚⇒237.]

Appeal from District Court, Martin County; John B. Littler, Special Judge.

Action by the Home National Bank against Billie Good, principal, and L. O. Dunn, surety. Judgment for plaintiff, and for defendant Dunn over against his codefendant, and defendant Dunn appeals. Reversed and remanded.

J. M. Caldwell, of Midland, and A. L. Green, of Van Horn, for appellant. R. N. Grisham, of Sweetwater, and W. T. Daniel, of Merkel, for appellee.

HIGGINS, J. Appellee sued appellant and Billie Good upon a promissory note executed by them. Good made no appearance in the case. The case was tried before Hon. John B. Littler, special judge, who acted as such by virtue of an agreement, entered into between appellant and appellee, which reads:

"The regular judge being absent from court and under quarantine restrictions, the parties hereto agree to try the cause before Hon. J. B. Littler, Esq., of the Big Springs bar, waiving all formalities, except the swearing the said judge, as relates to qualification."

Upon trial, judgment was rendered in appellee's favor against Dunn and Good for the amount of the note. Dunn, being a surety, recovered judgment over against Good.

[1] It is assigned as fundamental error that the judgment entered is void for want of authority in Littler to act as judge. This position is well taken. Section 11 of article 5 of the Constitution authorizes parties by consent to appoint a proper person to try a case pending in the district court, where the judge thereof is disqualified. A right of selection is also conferred upon the parties by article 1676, Revised Statutes, in cases where a disqualification of the regular judge exists. The record here shows no disqualification of the regular judge. It appears that he was absent from the court. In such case the statute provides that the practicing attorneys of the court may proceed to elect a special judge, who shall proceed to hold the court and to conduct the business thereof. Article 1678, R. S. It thus appears that there was no constitutional or statutory authority for the parties to agree upon a judge to act in lieu of the regular judge, and the statutory provision governing under the existing condition was disregarded.

[2] Where a mode of selection of special judges is prescribed by the Constitution, and the causes for such selection are indicated, other modes and other causes are thereby excluded. Parties cannot, independent of constitutional or statutory provisions, confer judicial authority, and where it is attempted to be done a judgment rendered by the appointee is a nullity; and the parties will not be estopped, by their consent, from denying the jurisdiction. 11 Am. & Eng. Ency. Pl. & Pr. 788, and cases there cited; also 23 Cyc. 601. This rule has been applied by the Court of Criminal Appeals of this state in Summerlin v. State, 153 S. W. 890. See, also, Whittington v. Butler, 2 Willson, Civ. Cas. Ct. App. § 790; Castles v. Burney, 34 Tex. 470; Mitchell v. Adams, 1 Posey, Unrep. Cas. 117.

Our constitutional and statutory provisions exclude the idea that one other than the regular judge can undertake to exercise judicial authority, except in those instances there mentioned; and when the facts exist authorizing the selection of some one to act in the place of the regular judge, the parties must proceed in the mode prescribed by the statute. The regular judge not being disqualified, the parties were without authority to appoint a special judge by agreement.

[3, 4] The judgment herein rendered was coram non judice. As such it was a nullity, and the parties are not estopped to raise the question. It affects the jurisdiction of the

court, and is therefore a fundamental error, which may be first raised upon appeal. Our attention is directed to Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924; Ford v. Bank, 34 S. W. 684; Ry. Co. v. Rowland, 3 Tex. Civ. App. 158, 22 S. W. 134; Hall v. Jankofsky, 9 Tex. Civ. App. 504, 29 S. W. 517; Campbell v. McFaddin, 31 S. W. 436. These cases do not conflict with the views here expressed. In them statutory authority existed for the selection of a special judge; here there is an inherent lack of authority to select by consent. It was a case governed by article 1678, R. S., requiring an election by the practicing lawyers present.

There are other questions presented for review arising out of errors alleged to have been committed upon the trial; but in view of the fact that the trial was an unauthorized proceeding, it is unnecessary, and we would perhaps not be justified in passing upon the same. Summerlin v. State, supra.

Reversed and remanded.

### On Rehearing.

Appellee, in his motion for rehearing, insists that the opinion herein of this court is in conflict with the decisions of the Supreme Court and Courts of Civil Appeals in the following cases: Shultz v. Lempert, 55 Tex. 273; Ford v. Bank, 34 S. W. 684; Davis v. Bingham, 46 S. W. 840; Ry. Co. v. Rowland, 3 Tex. Civ. App. 158, 22 S. W. 134; Hall v. Jankofsky, 9 Tex. Civ. App. 504, 29 S. W. 515, and Campbell v. McFadden, 9 Tex. Civ. App. 379, 31 S. W. 437—and moves that the point in conflict be certified to the Supreme Court.

We think there is no conflict. In Campbell v. McFadden it was contended that a special justice of a Court of Civil Appeals was disqualified because he was not a resident of that supreme judicial district. It was held that the special justice was not disqualified, and, if he were in fact disqualified, the question should have been raised in limine. In this case and in each of the other cases mentioned, it will be observed that a statutory contingency had arisen which authorized the appointment of a special judge and the questions raised relate merely to questions of qualification or regularity of appointment in some matter of detail. In the case at bar, there is no question as to qualification or irregularity in the appointment; but it is a case where a contingency had not arisen which would authorize the parties to agree upon the appointment of a special judge. In other words, there was no statutory authority whatever for the appointment of a special judge by agreement. It was a case governed by article 1678, Revised Statutes, which requires an election by the practicing attorneys present when the regular judge of the court is absent.

The authorities cited in the original opinion, without exception, lay down the rule that, independent of constitutional or statutory provision, the parties cannot confer judicial authority upon an individual, and that, where this is attempted to be done, a judgment rendered by such appointee is a mere nullity. Our attention is called to no authority to the contrary. In this connection, we call attention to the fact that in Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924, the distinguished trial judge in that case held that his appointment as a special judge was unauthorized. The Supreme Court, in passing upon the validity of his appointment, based their holding upon the fact that one of the parties to the suit was in fact related to the regular judge, so as to disqualify him, and that therefore authority existed for the appointment of a special judge. It would thus seem that by inference, at least, the Supreme Court approved the view of the trial judge that, if the appointment was unauthorized, he would have no authority to exercise judicial authority in the case. If the case at bar involved merely the question of qualification of the special judge, or some irregularity of detail in his appointment and qualification, then we think it would be very clear that appellant would be precluded from raising the question by reason of his agreement and participation in the trial without any objection. But the question is quite different, and goes to the very foundation of the authority of parties to confer judicial power upon an individual by consent or agreement, when there is no statutory or constitutional authority for them so to do. We think, under the authority cited in our original opinion, it is very clear they cannot do so.

[5, 6] But, aside from the correctness of this view, there is another consideration which imperatively demands a reversal. Appellant, Dunn, was a surety upon the note sued upon for his codefendant, Good. Good made no appearance, and in no wise participated in the agreement by which Judge Littler acted as special judge in the case. Assuredly, as to Good, the judgment which was rendered in the case was an absolute nullity. Without a discontinuance as to Good, for some of the reasons mentioned in articles 1842 and 1843, Revised Statutes, the judgment against the surety, Dunn, was erroneous. Douthit v. Martin, 15 Tex. Civ. App. 559, 39 S. W. 944; Woldert v. Durst, 15 Tex. Civ. App. 81, 38 S. W. 215. Good was primarily liable upon the note, and unless a valid judgment had been previously or was at the same time rendered against him, the judgment against the surety, Dunn, was improper, and, there being no valid judgment against the principal upon the note, this requires a reversal of the judgment against Dunn.

The motion for rehearing and to certify is overruled for the reasons indicated.