FARISS et al. v. BEEVILLE BANK & TRUST CO. (No. 5848.)

(Court of Civil Appeals of Texas. San Antonio. April 25, 1917. Rehearing Denied May 23, 1917.)

1. APPEAL AND ERROR ⬤⟂744—SCOPE OF REVIEW—RECORD—SUFFICIENCY.

Assignments of error filed nearly six months after adjournment of court, none of which was based upon a motion for new trial, will not be considered except as they concern fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3043–3048.]

2. APPEAL AND ERROR ⬤⟂911(1)—SCOPE OF REVIEW—PRESUMPTIONS.

Where the record showed that the county judge entered his disqualification, whereupon "counsel for plaintiff and defendants agreed upon" another judge, it would be conclusively presumed on appeal that all the defendants agreed to such judge, although two of them had not.

answered at the time the entry was made, but had left the defense in the hands of their codefendant, and were afterwards represented by his attorneys.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 3682–3684.]

Error from Bee County Court; J. J. Carmichael, Judge.

Action by the Beeville Bank & Trust Company against Mrs. J. T. Fariss and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Cox & Cox and Beasley & Beasley, all of Beeville, for plaintiffs in error. Dougherty & Dougherty, H. S. Bonham, and James F. Odem, all of Beeville, for defendant in error.

FLY, C. J. This is a suit on a promissory note for $150, with interest at 8 per cent. per annum from its date, August 25, 1909, and 10 per cent. attorneys' fees, executed by J. T. Fariss, A. H. Knolle, and T. C. Price. The cause was tried by the court, without a jury, and judgment rendered against the makers of the note for $267.33, with interest at 8 per cent. from date of judgment and for attorneys' fees. Two banks had been joined in the action by the defendants in the lower court, but were dismissed from the suit. The judgment as to Price and Knolle was by default.

[1] A motion for new trial was made by J. T. Fariss, and nearly six months after the court adjourned assignments of error were filed, none of which are based upon the motion for new trial. They will not be considered except in so far as they set up the disqualification of the judge to try the cause, which would be fundamental error.

[2] The record shows that on January 16, 1912, the county judge entered his disqualification to try the cause, "when counsel for plaintiff and defendants agreed upon Hon. J. J. Carmichael to preside upon the trial of said cause." That recital shows that all of the defendants, although two of them had not filed an answer, agreed on the special judge to try the cause. The principal, Fariss, was defending against the demand of the defendant in error, not only for himself, but for the sureties, and they cannot, in law or equity, have a trial set aside because they failed to answer in the case. They were duly cited and did not appear, but left the defense in the hands of their codefendant. This case is not parallel to one in which the plaintiff alone, in case of the disqualification of the regular judge, selects a judge to try the case, as was done in a suit mentioned in the case of Latimer v. Logwood, 27 S. W. 960. To the same effect is Castles v. Burney, 34 Tex. 470.

The recital in the judgment that the defendants agreed on the special judge will be taken as true, although the sureties may not have filed an answer. The attorneys for Fariss appeared for Knolle and Price, as well as for Fariss in requesting conclusions of fact and law, which request was made immediately after the motion for new trial was overruled. They were to all intents and purposes being represented by the same attorneys from the inception of the suit. It is recited in the motion to vacate the judgment that all of the defendants joined in the motion for new trial. The record as to the agreement for a special judge to try the case is conclusive, and there is nothing in the record that conflicts with the recital.

The judgment is affirmed.