RUSK COUNTY v. HIGHTOWER.
(No. 1925.)

(Court of Civil Appeals of Texas. Texarkana. March 7, 1918. Rehearing Denied March 14, 1918.)

1. APPEAL AND ERROR ⬗911(1) — PRESUMPTIONS.
    Where judgment entered by a special judge recited that he had been agreed upon by the parties to try the case, and nothing in the bill of exceptions conflicts with such recital, the court on appeal must presume that a legal and binding agreement was made.

2. JURY ⬡⇒25(6) — RIGHT TO JURY TRIAL — TIME FOR DEMAND.

In view of Rev. St. 1911, art. 5175, requiring party desiring jury to apply therefor in open court on the first day of the term at which the suit is to be tried, it was not error to refuse a trial by jury after the jury had been discharged for the week, when there was no demand for a jury at the beginning of the term, and no excuse was offered for failure to call for a jury as provided by law.

3. COUNTIES ⬡⇒74(3)—TREASURER'S COMPENSATION—SALARY.

Orders of the commissioners' courts, fixing compensation of county treasurer at a stated salary, is void.

Appeal from District Court, Rusk County; Jno. O. Douglas, Judge.

Action by R. H. Hightower against Rusk County. Judgment for plaintiff, and defendant appeals. Affirmed.

J. W. McDavid and C. L. Stone, both of Henderson, for appellant. R. T. Jones, of Henderson, for appellee.

HODGES, J. The appellee sued Rusk county to recover a balance claimed as commissions earned as its county treasurer. He was elected in 1912 and served four years. Before and during his term of office the commissioners' court of Rusk county passed orders fixing his compensation as follows: One and one-half per cent. on receipts and disbursements of the jury fund, and a salary of $75 per quarter for handling the remainder of the county's funds. A few days after the expiration of his second term the appellee filed this suit, and asked for judgment for the full amount of commissions allowed by law at the rate of 2½ per cent. of the entire receipts and disbursements of county funds, less the amount which he had received under the orders of the commissioners' court. This petition did not allege the presentation of a claim to the commissioners' court, and a failure or refusal to allow it. In May, 1917, an amended original petition was filed in which those necessary averments were made, and upon that petition the case was tried and a judgment rendered in favor of the appellee for the sum of $2,975.82.

[1] The case was tried by Hon. John O. Douglas as special judge, the regular district judge being, for some reason, disqualified. The first assignment of error challenges the right of Hon. John O. Douglas to act as special judge, upon the ground that there was no written agreement selecting him for that purpose. In the judgment entered it is recited that the special judge had been agreed upon by the parties to try this case. There is nothing in the bill of exceptions which conflicts with that recital, and we must presume that a legal and binding agreement had been made. Fariss v. Beeville B. & T. Co., 194 S. W. 1169; Rossetti v. Benavides, 195 S. W. 208.

[2] Appellant also insists that the court erred in refusing to allow it a trial before a jury. The bill of exceptions as qualified by the trial judge shows that this case was set by the parties for the fourth week of the term, and was taken up after the district judge had disposed of all the other cases set for that term; that no jury had ever been called for prior to that time, and no jury fee paid; that after the case had been called by the special judge and a verbal request for a continuance or postponement of the case had been denied the county judge of Rusk county paid to the clerk a jury fee of $5, and counsel for the appellant thereupon asked for a trial by jury. It appears that Hon. Daniel Walker, the duly elected judge of that district, after having disposed of all the cases set for that term, had discharged the jury for the week. The practical effect of granting the request for a trial by jury in this particular instance would have been to continue the case for the term. The record contains no excuse for a failure to call for a jury before that date. While the Constitution provides for a trial by jury, it leaves it to the Legislature to regulate the method of applying for juries and fixing the rights of the parties to have jury trials. Article 5175 provides that:

"Any party to a civil suit in the district or county court desiring to have the same tried by jury, shall make application therefor in open court on the first day of the term of the court at which the suit is to be tried," etc.

There was no error in refusing the request for a jury in this instance. Petri et al. v. Lincoln National Bank, 84 Tex. 153, 19 S. W. 379. While the absence of any averment in the original petition that the appellee's claim had been presented to and not allowed by the commissioners' court may have been fatal defect, that omission was cured in the amended original petition, filed some time prior to the trial of this case.

[3] It has been well settled by recent decisions in this state that orders of the commissioners' courts, fixing the compensation of county treasurers at a stated salary, as was done in this instance, are void. Montgomery County v. Talley, 169 S. W. 1141; Smith v. Wise County, 187 S. W. 705; Hill County v. Sauls, 134 S. W. 267. Other cases might be added, but we deem it unnecessary.

The judgment of the district court is affirmed.

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes