### HITT v. BELL et al.

### No. 8582.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

Fowler Roberts, of Big Lake, for plaintiff in error.

McGillivray Muse, of Brownwood, for defendants in error.

BLAIR, Justice.

The parties will be designated appellant and appellee.

Appellee Hall sued appellant, D. S. Hitt, Jr., for a balance due on his promissory note and recovered judgment by default for $1,015.85. A citation issued for appellant directed to "The Sheriff or any Constable, Howard County, Texas." It was served and return made thereon by "Luke Crump, Constable, Precinct No. 2, Reagan County, Texas." No other service was had on appellant, nor did he waive service or appear in the case. The judgment recited that he had been duly cited but failed to appear. From such default judgment this writ of error is prosecuted.

In the early case of Witt v. Kaufman, 25 Tex.Supp. 384, 386, the service by the sheriff of one county of a citation directed to the sheriff of another county, was declared to be no service; and that the judgment based thereon "was consequently void." An unbroken line of cases follow this decision, and hold that a default judgment, rendered without appearance by the defendant, or without service of citation, or waiver of service, or on insufficient service, is void and may be set aside in a direct attack by appeal or writ of error. And where it appears on

the face of the record, as in the instant case, that the citation or service thereof is void, the default judgment may be set aside on appeal or writ of error without the necessity of showing a valid defense, even though the term at which the judgment was rendered had adjourned, and notwithstanding the judgment recited that the defendant had been duly cited and failed to appear. Glass v. Smith, 66 Tex. 548, 550, 2 S.W. 195, 196; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Douthit v. Martin, 15 Tex.Civ.App. 559, 39 S.W. 944; City of Corpus Christi v. Scruggs, Tex.Civ.App., 89 S.W.2d 458; Turner v. Ephraim, Tex. Civ.App., 28 S.W.2d 608; 25 Tex.Jur. 626, 633, 720 and cases there cited.

The default judgment is set aside and the cause remanded as between appellee and appellant D. S. Hitt, Jr.

Reversed and remanded.